**UNITED STATES of America and Victor A. Franchi, Special Agent, Internal Revenue Service, Appellees,**

v.

**DAUPHIN DEPOSIT TRUST COMPANY, and Clement Filippelli, as Treasurer of Dauphin Deposit Trust Company, Appellants.**

No. 16241.

United States Court of Appeals Third Circuit.

Argued April 21, 1967.

Decided Oct. 12, 1967.

Certiorari Denied Jan. 29, 1968.

See 88 S.Ct. 854.

Thomas A. Beckley, Rhoads, Sinon & Reader, Harrisburg, Pa. (Walter K. Swartzkopf, Jr., Paul H. Rhoads, Harrisburg, Pa., Rhoads, Sinon & Reader, Harrisburg, Pa., of counsel, on the brief), for appellants.

Burton Berkley, Dept. of Justice, Tax Division, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C., Bernard J. Brown, U. S. Atty., of counsel, on the brief), for appellees.

Before SMITH and FREEDMAN, Circuit Judges, and WORTENDYKE, District Judge.

## OPINION OF THE COURT

WILLIAM F. SMITH, Circuit Judge.

This appeal is from an order of the district court enforcing three summonses issued by the Internal Revenue Service pursuant to section 7602 of the Internal Revenue Code of 1954, 26 U.S.C.A., as limited and restricted by the affidavit and exhibits attached to the Government's Petition to Enforce.[1] The summonses required the respondent bank to produce numerous records regarding the transactions of four purported customers over a period of four years. The bank has refused to comply at all times. It has not even confirmed whether the persons named in the summonses actually are bank customers.

Appellant has advanced many arguments, both legal and otherwise, as to why these summonses, as limited, should not be enforced. The first group of arguments charges that the summonses do not meet the requirements stated in United States v. Powell, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964) in that the material sought was already in the Government's possession and was not relevant to an investigation "conducted pursuant to a legitimate purpose." We find these contentions to be without merit.

Appellant's primary argument is that the summonses are so expansive that the financial burden of locating, retrieving, and reproducing the requested material amounts to an unreasonable search and seizure in violation of the Fourth Amendment and a deprivation of property without due process of law in violation of the Fifth Amendment. The substance of appellant's Fifth Amendment claim appears to be that the financial burden constitutes a taking of private property without just compensation.

■ We have already concluded that the material sought by the Internal Revenue Service is relevant to a lawful investigation. Under this circumstance there can be no doubt that the recipient of a summons has a duty of cooperation and that at least up to some point must shoulder the financial burden of cooperation. Our study of the record convinces us that the district court was correct in concluding that the appellant was not requested to submit to an unreasonable burden. If the Fourth and Fifth Amendments accord any protection it could only be from the imposition of an unreasonable and excessive financial burden.

---

1. The original summonses were admitted evidence in the court below as Exhibits "B", "C", and "D". The material now required to be produced is itemized in Exhibits "A–1", "A–2", and "A–3" to Exhibit "A" below. These Exhibits were attached to the Government's Petition to Enforce and substantially limited the quantity of material sought.

**131**

The Petition to Enforce substantially reduced the quantum of material requested in the original summonses. It is our judgment that compliance with this reduced demand would not be unduly burdensome. Furthermore, in view of appellant's adamant refusals to cooperate with the Government in the slightest degree its arguments as to the extent of the burden become plainly speculative. Appellant has not even verified whether the taxpayers in question are in fact customers. Yet it persists in arguing that in locating the required materials it *might* be necessary to conduct extensive searches in eighteen offices. A simple check of signature cards would have removed this contention from the realm of the merely possible.

■ Our determination that the summonses would not be unduly burdensome is buttressed by the fact that the bank is not required to transport any records and may fulfill its obligation either by producing the required records at any of its offices or by giving Internal Revenue Agents access to the relevant files.[2] It is our further understanding, based on statements made by Government counsel at oral argument, that the Internal Revenue Service has portable duplicating equipment, the use of which will limit the bank's burden of making copies of its records.

■ One other matter should be considered. The Government is not entitled to go on a fishing expedition through appellant's records. It must identify with some precision the documents it wishes to inspect. First National Bank of Mobile v. United States, 160 F.2d 532, 534 (5th Cir. 1947);

United States v. First National Bank of Fort Smith, Ark., 173 F.Supp. 716, 720 (W.D.Arkansas 1959). The requirement that the summons not be indefinite is rooted in the Fourth Amendment protection against unreasonable searches and seizures. See Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 208–209, 66 S. Ct. 494, 90 L.Ed. 614 (1946); United States v. Morton Salt Co., 338 U.S. 632, 652–653, 70 S.Ct. 357, 94 L.Ed. 401 (1950).

It is our judgment that the summonses, as limited by the Petition to Enforce, are, with one exception, not unduly indefinite. The exception pertains to the demand made as to each alleged bank customer that the appellant produce, "All records relative to other accounts during the years 1961 through 1964, such as records of other securities bought or sold for said * * * [customer(s)] or other transactions of any nature handled by the bank on behalf of said * * * [customer(s)]."[3] The request for "records of other securities bought or sold" is sufficiently precise. The balance of the request is too indefinite and will be quashed.

■ We also take this opportunity to note that in regard to the other demands made on the bank its only obligation is to make a diligent search based on the information supplied by the Internal Revenue Service. If that information is inaccurate or otherwise insufficient to enable it to locate the desired records, the bank of course may not be found at fault.

The order of the district court will be affirmed as modified by this opinion.

2. Because of the extent of the Internal Revenue Service's requests we do not feel that appellant would be breaching a duty to its other customers by selecting the latter alternative. By the same token a high duty would be placed on the Service to respect the integrity of appellant's files.

3. This statement is found in the following paragraphs of Exhibit "A–1" to Exhibit "A": I, 9; II, 3; III, 6.