UNITED STATES of America and Charles H. Moriyama, Special Agent of the Internal Revenue Service, Petitioners-Appellees,

v.

M. P. RUGGEIRO, as Vice President Finance & Administration of Jordanos' Inc., and Jordanos' Inc., Respondents-Appellants.

UNITED STATES of America and Charles H. Moriyama, etc., Petitioners-Appellees,

v.

John L. JORDANO, Jr., as President of Pacific Beverages Company, and Pacific Beverages Company, Respondents-Appellants.

UNITED STATES of America and Charles H. Moriyama, etc., Petitioners-Appellees,

v.

John L. JORDANO, Jr., as President of Chef's Vendors, Inc., and Chef's Vendors, Inc., Respondents-Appellants.

UNITED STATES of America and Charles H. Moriyama, etc., Petitioners-Appellees,

v.

John L. JORDANO, Jr., as President of Jorland, Inc., and Jorland, Inc., Respondents-Appellants.

UNITED STATES of America and Charles H. Moriyama, etc., Petitioners-Appellees,

v.

John L. JORDANO, Jr., as President of Jorlease, Inc., and Jorlease, Inc., Respondents-Appellants.

UNITED STATES of America and Charles H. Moriyama, etc., Petitioners-Appellees,

v.

James D. JORDANO, as Vice President of Jantro Investment Company, and Jantro Investment Company, Respondents-Appellants.

Nos. 24519–24524.

United States Court of Appeals, Ninth Circuit.

April 28, 1970.

John P. Burke (argued), Atty., Tax Div., Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., Wm. Matthew Bryne, Jr., U. S. Atty., Los Angeles, Cal., for petitioners-appellees.

Before BROWNING, DUNIWAY, and WRIGHT, Circuit Judges.

PER CURIAM:

These are six consolidated appeals from orders of the district court requiring the production of corporate records specified in summonses issued by a special agent of the Internal Revenue Service pursuant to 26 U.S.C. § 7602.[1]

■ Appellants contend that enforcement of the summonses would offend the Fourth Amendment because they were issued solely to determine if a criminal violation had occurred. In Howfield, Inc. v. United States, 409 F.2d 694, 697 (9th Cir. 1969), we stated that "summonses to examine taxpayer's records, obtained pursuant to 26 U.S.C. § 7602, may be used even where their purpose is allegedly to uncover crime, when no criminal case is actually pending against the taxpayer." See United States v. Ahmanson, 415 F.2d 785, 787 (9th Cir. 1969). See also Wild v. United States, 362 F.2d 206, 208–209 (9th Cir. 1966); Boren v. Tucker, 239 F.2d 767, 772–773 (9th Cir. 1956).

■■ Appellants argue that the court below erred in rejecting their contention

Thomas A. Baird (argued), of Baird, Holley, Baird & Galen, Los Angeles, Cal., for respondents-appellants.

1. "For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

    (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

    (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

    (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry."

that the summonses were oppressive and too broad in scope. The district court has considerable discretion in determining these matters, Dunn v. Ross, 356 F.2d 664, 667 (5th Cir. 1966); In re Magnus, Mabee & Reynard, Inc., 311 F.2d 12, 17 (2d Cir. 1962), and the limits of that discretion were not exceeded here. Section 7602 requires that the records be "relevant or material" to the inquiry being made, but those terms have a broader connotation in this context than in the context of trial, United States v. McKay, 372 F.2d 174, 176 (5th Cir. 1967); and although the records demanded appear to be voluminous, the Internal Revenue Service offered to inspect them at their place of storage. United States v. Dauphin Deposit Trust Co., 385 F.2d 129, 131 (3d Cir. 1967).

Appellants offer nothing specific to support their assertion that they were "severely handicapped" by the trial court's orders omitting the usual pretrial hearing and limiting discovery. We think the court acted within the discretion conferred upon it by Federal Rule of Civil Procedure 81(a) (3). *See* United States v. Benford, 406 F.2d 1192, 1194 (7th Cir. 1969).

Finally, certain appellants assert that the Regional Commissioner was required by 26 U.S.C. § 7605(b) [2] to make an *independent* investigation of the need for a reinspection of their books and records, and that he could not simply rely upon an investigation of need and recommendation for reinspection by the special agents, as appellants assert he did in this case. But as the Supreme Court said in United States v. Powell, 379 U.S. 48, 55, 85 S.Ct. 248, 254, 13 L.Ed.2d 112 (1964), "Congress recognized a need for a curb on the investigatory powers of low-echelon revenue agents, and considered that it met this need simply and fully by re-

quiring such agents to clear any repetitious examination with a superior."

Affirmed.

2. "No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."