**UNITED STATES of America, et al., Petitioners,**

v.

**Jay T. WILL, Respondent.**

**No. C–2–80–534.**

United States District Court, S. D. Ohio, E. D.

Oct. 2, 1980.

---

Albert R. Ritcher, Asst. U. S. Atty., Columbus, Ohio, for petitioners.

Eugene L. Matan, Columbus, Ohio, for respondent.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

This matter is before the Court on a petition by the United States of America and Dennis J. Hanzel, Special Agent, Internal Revenue Service, to enforce a summons of the Internal Revenue Service served on respondent Jay T. Will in the above captioned case. The summons seeks production of certain books, papers and records of the Jay T. Will Karate Studio, 1335 West Fifth Avenue, Columbus, Ohio, for the years 1975 through 1978 inclusive. These books, papers and records are more particularly identified in the attachment to the summons in question. (Petition, Exhibit A).

Upon consideration of the pleadings, motions filed herein and presented at the hearing, as well as the evidence and arguments adduced at the hearing, and for the reasons stated below, the Court hereby orders the respondent Jay T. Will to comply with the Internal Revenue Service summons served upon him.

Internal Revenue Service employees are authorized to issue summonses pursuant to 26 U.S.C. § 7602 to determine the Internal Revenue civil tax liability of any person.[1] If the person summonsed fails to obey the summons, the government may make application to the district court for enforcement of the summons. 26 U.S.C. § 7604(a).

The Court must enforce the summons if it was issued in "good faith" and not "solely" to obtain evidence for use in a criminal prosecution. *Donaldson v. United States*, 400 U.S. 517, 532–533, 536, 91 S.Ct.

---

**1.** Section 7602 provides, in relevant part:

For the purpose of ascertaining the correctness of any return, making a return where none was made, determining the liability of any person for any Internal Revenue tax ... the Secretary or his delegate is authorized—

(2) To summon ... any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time or place named in the summons and to produce such books, papers, records, or other data ... as may be relevant or material to such inquiry; ...

**364**

534, 543, 545, 27 L.Ed.2d 580 (1971); *United States v. Joseph*, 560 F.2d 742, 746 (6th Cir. 1977). There is no requirement that the special agent have probable cause before issuing the summons. *United States v. Powell*, 379 U.S. 48, 57, 85 S.Ct. 248, 254, 13 L.Ed.2d 112 (1964). Indeed, 26 U.S.C. § 7601 requires the Internal Revenue Service "to canvas and to inquire." *Donaldson v. United States*, 400 U.S. at 523, 91 S.Ct. at 538. It is sufficient that the government acts in good faith.

 In the present case there has been no recommendation made to institute a criminal prosecution of the taxpayer. Still, the Internal Revenue Service "must use its summons authority in good faith." *United States v. LaSalle National Bank*, 437 U.S. 298, 313, 98 S.Ct. 2357, 2366, 57 L.Ed.2d 221 (1978). This means that the Internal Revenue Service cannot issue the summons if its sole purpose is for investigation of criminal liability. *Id.* at 316–318, 98 S.Ct. at 2367–2368.[2] The taxpayer has the burden of disproving "the actual existence of a valid civil tax determination or collection purpose of the Service." *Id.* at 316, 98 S.Ct. at 2367. The evidence in the present case affirmatively establishes that the Internal Revenue Service issued the summons in good faith.

Respondent makes a number of arguments opposing enforcement of the summons. The Court will consider each in turn.

### The Information Sought Relates to a Closed Tax Year

 Respondent contends that the information sought by IRS in part relates to a closed tax year for which the normal civil statute of limitations has expired. This argument is without merit in that under 26 U.S.C. § 6501(c)(1), where a fraudulent return has been filed with the intent to evade the tax, the tax may be assessed at any time. Therefore, if it is subsequently established that respondent's 1975 or 1976 tax returns have been fraudulently filed, the civil statute of limitations will not have expired and records summoned for 1975 and 1976 can be used to support a civil assessment for those years.

### Records Already in Possession of the Government

Respondent contends that the information sought by the summons is already in the possession of the government and therefore the summons cannot be enforced.

In *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254, 255, 13 L.Ed.2d 112 (1964) the Supreme Court held that the Internal Revenue Service must demonstrate the following to obtain enforcement of a summons:

> He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, *that the information sought is not already within the Commissioner's possession*, and that the administrative steps required by the Code have been followed.... (Emphasis added.)

There is no statutory requirement that the Internal Revenue Service show that the information is not already within its possession to obtain enforcement of the summons. However, 26 U.S.C. § 7605(b) does provide that:

> No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

In *Powell*, the Supreme Court was apparently making the common sense judgment that an examination of the taxpayer's books would ordinarily be "unnecessary" if the items sought were already in the Internal Revenue Service's possession. It was not intended, however, to frustrate reasonable

---

**2.** Internal Revenue Service also is forbidden from using its summons authority to harass a taxpayer. *United States v. Powell*, 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964).

Although the respondent contends that the summons was issued to harass him, the evidence in the record does not support such a claim.

examinations of the taxpayer's records. The taxpayer cannot pick and choose which records to turn over to the Internal Revenue Service and at the same time attempt to defeat the investigation into his civil tax liability. The government is not required to rely on partial records given to it by the taxpayer. *United States v. Luther*, 481 F.2d 429 (9th Cir. 1973).

■ In the present case, the Internal Revenue Service had received copies of corporate tax returns which constituted one of the items summonsed. Conceivably, the corporate tax returns in possession of the respondent may reflect different figures and/or notations when compared with the return copies already obtained from the respondent's accountant. Since there was no evidence presented at the hearing to establish that the government already has exact duplicates of the records sought, the summons will be enforced according to its terms.

### The Summons is Overbroad and Burdensome

■ Respondent attempts to argue that the within summons is overbroad and unduly burdensome and that petitioner is on a "fishing expedition." On the contrary, the Court finds that the books, records and papers summonsed are identified with reasonable exactness and specificity. The test to be applied is whether the inspection *might* throw light on the correctness of the taxpayer's returns. *United States v. Davey*, 543 F.2d 996, 1000 (2nd Cir. 1976). The kinds of records summonsed are those used by business entities to determine income and expenses. These records may also provide the Internal Revenue Service with leads for additional investigation. Thus, within the meaning of the statute, the books, records and papers summonsed "may be relevant and material to" the investigation into the respondent's civil income tax liability. 26 U.S.C. § 7602(2).

### The Fourth and Fifth Amendments

■ Respondent contends that he is protected from responding to the summons by virtue of the Fourth and Fifth Amendments to the Constitution of the United States. The Court rejects these arguments in the context of the within summons enforcement proceeding. *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). The Court notes that the respondent, in his answer to the petition (paragraph 3), admits that he wholly owns Jay T. Will Karate Studio, Inc., 1335 West Fifth Avenue, Columbus, Ohio, and therefore, neither his personal privilege against self-incrimination nor that of the corporation are available under the circumstances of this case. *United States v. Bell*, 448 F.2d 40 (9th Cir. 1971).

### Alleged Harassment

■ Respondent asserts that the within summons was issued as part of an overall pattern of harassment, but the Court concludes that the evidence presented at the summons enforcement hearing fails to substantiate this claim.

In the instant case, Special Agent Hanzel was the only witness who testified, and he adduced the only evidence presented. The government established through this witness that he and Revenue Agent Marilyn Brannum have been conducting a joint investigation of the respondent's federal income tax liabilities for the taxable years 1975, 1976, 1977 and 1978. In furtherance of this investigation Special Agent Hanzel personally served respondent with a summons on October 24, 1979, requiring the respondent's appearance on November 5, 1979, to testify and produce certain books, papers and records identified in the summons. The materials summoned were not produced. The evidence further showed that the materials sought are needed in connection with the investigation and are material and relevant thereto.

Through cross-examination, however, the taxpayer established that Special Agent Hanzel had contacted the U.S. Postal Service for the purpose of monitoring the taxpayer's mail. Hanzel testified that monitoring of mail involves only a determination of the sender or recipient of the taxpayer's

mail and does not involve opening the mail. Following this monitoring process, Special Agent Hanzel was furnished with a list of names of individuals or businesses that had corresponded with the taxpayer. The monitoring was carried out for a period of approximately 60 days in January and February of this year. Special Agent Hanzel also testified that the taxpayer had been the subject of surveillance. The Court will assume, for purposes of analysis, that the taxpayer was the subject of surveillance on several occasions.

The taxpayer argues that the government's use of such clandestine methods of investigation constitutes harassment and is indicative of bad faith. The Court, however, is unaware of any statute or cases, and none has been cited by the taxpayer, determining such procedures to be illegal. Both Sections 7601 and 7602 of Title 26 have been construed to grant broad power to the Secretary to make inquiries with respect to all persons who may be liable to pay tax. *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *United States v. Bisceglia*, 420 U.S. 141, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975); *United States v. Euge*, 444 U.S. 707, 100 S.Ct. 874, 63 L.Ed.2d 141 (1980). The use of clandestine procedures, moreover, does not somehow conclusively rebut Hanzel's testimony that criminal prosecution had not yet been recommended. The Supreme Court has "refused to hold that the summons authority could not be used whenever there was a *potential* that the civil investigation might later lead to criminal prosecution." *Euge, supra*, at 715, 100 S.Ct. at 880.

In spite of the use of clandestine procedures, Hanzel's testimony that there had been no recommendation of prosecution remained uncontroverted. The government established its *prima facie* case and thereafter the burden of showing why enforcement of the summons should not proceed rests with the party summoned. *United States v. Lenon*, 579 F.2d 420, 422 (7th Cir. 1978). This burden was not met by respondent.

*Respondent's Subpoena*

On September 19, 1980, respondent issued a subpoena to Special Agent Hanzel directing him to bring his "complete file" concerning Jay T. Will to the hearing on September 25, 1980. The government filed a motion to quash this subpoena on September 24, 1980.

Respondent has not presented evidence to the Court which would lead the Court to conclude that the subpoena of Special Agent Hanzel's file should be upheld since a taxpayer is not entitled to such sweeping discovery in a summons enforcement hearing. *Cf., United States v. Genser*, 595 F.2d 146, 152 (3rd Cir. 1979). Respondent had full opportunity to examine Special Agent Hanzel under oath and failed to establish to the satisfaction of the Court that further discovery is warranted. *United States v. Turner*, 480 F.2d 272, 275 (7th Cir. 1973). Therefore, the petitioner's motion to quash is granted.

Whereupon, it is hereby ORDERED that the summons issued October 24, 1979, to Jay T. Will for the records of the Jay T. Will Karate Studio is enforced, and the respondent is hereby ORDERED to comply with the summons by producing all requested materials at the Internal Revenue Service Office in Columbus, Ohio, on Friday, October 10, 1980, at 9:00 a.m. or at such earlier time as may be mutually agreed upon. The petitioner's motion to quash the subpoena issued to Special Agent Hanzel on September 19, 1980, is GRANTED.

So ORDERED.