UNITED STATES of America and Larry J. Finley, Revenue Officer Internal Revenue Service, Petitioners,

v.

James H. **FRITZ**, Respondent.

UNITED STATES of America and Larry J. Finley, Revenue Officer Internal Revenue Service,

v.

Karen **FRITZ**, Respondent.

Civ. A. Nos. C82–2776A, C82–2777A.

United States District Court, N.D. Ohio, E.D.

July 28, 1983.

**482**

Mark D. Kindt, Asst. U.S. Atty., Cleveland, Ohio, for petitioners.

James H. Fritz, pro se.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court in the above captioned cases are petitions to enforce Internal Revenue Summonses which were issued pursuant to 26 U.S.C. § 7602 on March 24, 1982. Hearings were held on April 27 and June 23, 1983, and briefs filed, and arguments made, by both the Fritzes and the government have been considered by the Court.

The government alleges that respondents James and Karen Fritz, husband and wife, have failed to file federal income tax returns for the years 1978, 1979, 1980 and 1981. They were each served with a summons from the Internal Revenue Service (IRS) directing them to produce all documents and records in their possession reflecting income received for the years 1978, 1979, 1980 and 1981, as well as to provide testimony relevant to their tax liability for those years. The IRS contends that this information is necessary so it can prepare federal income tax returns for the Fritzes for the years in question. The Fritzes adamantly refuse to produce any documentation, records, or testimony basing their arguments on protection they believe is made available to them by the Fourth and Fifth Amendments to the United States Constitution.

### I

Their Fourth Amendment argument is that the IRS summons is overbroad and lacks specificity. It has been held that the requirement that a summons not be

indefinite is rooted in the Fourth Amendment protection against unreasonable searches and seizures. *United States v. Dauphin Deposit Trust Company,* 385 F.2d 129, 131 (3d Cir.1967), *cert. denied,* 390 U.S. 921, 88 S.Ct. 854, 19 L.Ed.2d 981 (1968). Although a summons need not describe with minute detail the items sought, it should describe the information requested with reasonable particularity. *First National Bank of Mobile v. United States,* 160 F.2d 532 (5th Cir.1947). Furthermore, it is clearly within the discretion of the Court to determine whether an IRS summons is too broad in scope. *United States v. Ruggeiro,* 425 F.2d 1069 (9th Cir.1970).

■ In the Fritzes' cases, the documents and records being sought are items reflecting income received for the years 1978, 1979, 1980 and 1981 such as, but not limited to, W–2 forms, wage and tax statement forms, Form 1099's reflecting dividend or interest income, employee earnings statements, and records of deposits with banks or other financial institutions. It is this Court's opinion that these items are necessary if the IRS is to properly conduct its inquiry into the Fritzes' tax liability. The request does not appear to be overbroad. Consequently, the Fritzes' Fourth Amendment argument is without merit and must be rejected.

## II

With respect to their alleged Fifth Amendment protection, the Fritzes' contend that they need not produce any documentation because the purpose of the inquiry, in reality, is a criminal one and that any production of information by them would tend to incriminate them. The government, through the affidavit of IRS agent Larry J. Finley, and the representations of its counsel Mark D. Kindt, aver that there is currently no ongoing criminal investigation of the Fritzes. It is conceded by the government that a criminal investigation "might" result, depending on the outcome of the civil investigation.

■ Nevertheless, the case law is clear that a Fifth Amendment claim cannot be based on speculation. If the initial investigation is civil in nature, that does not conclusively prove that an IRS summons was not issued in a good faith pursuit of the congressionally authorized purpose of 26 U.S.C. § 7602. *United States v. LaSalle National Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). In *LaSalle National Bank, supra,* a district court judge refused to enforce IRS summonses where he found that the special agent who issued them was conducting a criminal investigation. The Court of Appeals affirmed, but the Supreme Court reversed the District Court's ruling. The Court cited three criteria with respect to enforcing an IRS summons. First, the summons must be issued prior to any IRS recommendation to the Justice Department that a criminal investigation should be undertaken; second, the IRS at all times must use the summons authority in a good faith pursuit of the congressionally authorized purpose of 26 U.S.C. § 7602; and third, the IRS must not abandon in an institutional sense its pursuit of a civil tax determination or collection. *LaSalle National Bank, supra* at 318, 98 S.Ct. at 2368.

■ In the instant case, the IRS has not recommended that the Fritzes be investigated for possible criminal violations; the summons, in this Court's opinion, was issued in a good faith pursuit of § 7602's purpose; and the IRS clearly has not abandoned its pursuit of determining the Fritzes' civil tax liability. The Fritzes' have failed to demonstrate to this Court that they are the objects of any criminal inquiry, or that the summonses were not issued in good faith. Therefore, their Fifth Amendment claims must be denied. See also *United States v. French,* 442 F.Supp. 166 (N.D.Iowa 1977), *aff'd,* 567 F.2d 351 (8th Cir.1978) and *United States v. Will,* 527 F.Supp. 361 (S.D.Ohio 1980) where Fourth and Fifth Amendment arguments against the production of documents being sought pursuant to an IRS summons were rejected.

## III

■ The Fritzes also argue that prior to any questioning by the IRS, or the produc-

tion of any documentation, they are entitled to have their Miranda warnings given to them. Since the Fritzes are clearly not in custody, nor have they alleged any misrepresentation by the IRS agents involved, this contention also is without merit. See *United States v. Stribling,* 437 F.2d 765 (6th Cir.1971) (holding that Miranda warnings are required only in "in-custody" interrogations); *United States v. Imbrunone,* 379 F.Supp. 256 (E.D.Mich.1974).

Based on the foregoing, this Court hereby holds that the summonses issued to the respondents are not overbroad and lacking in specificity; they were issued for a legitimate purpose in accordance with 26 U.S.C. § 7602 so as to assist the IRS in determining the respondents' tax liability; they were issued in pursuit of a civil investigation, not a criminal one; and no Miranda warnings were required to be administered to them. Since the Fritzes have *never* indicated to the government, nor to this Court, that they are not in possession of the records and documents being sought, production by them can now be effectuated without any delay. [Emphasis Added]. See *United States v. Rylander,* —— U.S. ——, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983).

Respondents James and Karen Fritz are hereby ordered to comply with the IRS summonses issued to them on April 28, 1982. They are to appear before Revenue Officer William M. Martin, III whose office is at 2 South Main Street, Room 395, Akron, Ohio, on August 15, 1983 at 9:00 a.m. Respondents shall be prepared to provide testimony and to produce for examination, inspection, and copying all documents and records in their possession and control reflecting income received for the years 1978, 1979, 1980 and 1981. Failure on the part of the respondents to comply with this order will immediately subject them to contempt of this Court's order. Should that occur warrants for their arrests shall issue.

IT IS SO ORDERED.