763 F.2d 165
 ROGERS TRANSPORTATION, INC., Petitioner, No. 84-3493,
v.
Honorable Herbert J. STERN, U.S.D.J. for the District of New
Jersey, Respondent.
UNITED STATES of America and Scott R. Hammond, Special
Agent, Internal Revenue Service
v.
ROGERS TRANSPORTATION, INC., Appellants, No. 84-5556.
 Nos. 84-3493, 84-5556.
 United States Court of Appeals,
Third Circuit.
 Argued Dec. 4, 1984.
Argued In Banc May 6, 1985.
Decided May 29, 1985.
 
 Justin P. Walder (argued), Dominic J. Aprile, John A. Brogan, Walder, Sondak, Berkeley & Brogan, P.A., Roseland, N.J., for petitioner.
 Glenn L. Archer, Jr., Asst. Atty. Gen., Gary R. Allen, Acting Chief, Appellate Section, Michael L. Paup, Charles E. Brookhart (argued), Thomas M. Preston, Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent.
 Before ALDISERT, Chief Judge, BECKER, Circuit Judge, and CAHN, District Judge*
 Before ALDISERT, Chief Judge, and SEITZ, ADAMS, HUNTER, WEIS, GARTH, HIGGINBOTHAM, SLOVITER, BECKER and MANSMANN, Circuit Judges.
 OPINION OF THE COURT
 ALDISERT, Chief Judge.
 
 
 1
 Although the contents of a document may not be privileged under the fifth amendment, the act of producing or authenticating the document may be privileged. This terse summary of the law originated with Fisher v. United States, 425 U.S. 391, 410, 96 S.Ct. 1569, 1581, 48 L.Ed.2d 39 (1976), and was confirmed in United States v. Doe, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 562 (1984). Application of this precept may produce profound consequences when an individual is the target of an Internal Revenue Service (IRS) investigation and the IRS directs a summons to a corporation solely owned by the individual. We have been asked to address such consequences in this case.
 
 
 2
 The district court has ordered Rogers Transportation, Inc., a corporation solely owned by Richard Rogers, to appoint someone to produce certain corporate records. The corporation has appealed, arguing that the fifth amendment's stricture against self-incrimination will be violated by requiring Rogers, or any of the company's employees, to produce the documents. For the reasons that follow, and especially in view of information presented to the court at oral argument, we will vacate the order of the district court and remand for reconsideration in light of the circumstances that have developed subsequent to the district court proceedings. In so doing we specifically do not reach the question of whether the teachings of United States v. Doe, pertaining to a sole proprietorship, may be extended to a corporation owned by a single shareholder.
 
 I.
 
 3
 On January 29, 1984, the IRS issued a summons to appellant Rogers Transportation, Inc., as part of an investigation into the tax liabilities of Richard Rogers, the company's president and sole shareholder. On June 11, the district court held a hearing on a show cause order issued as part of the summons enforcement proceedings. An attorney appeared to represent both Mr. Rogers and Rogers Transportation. The issue at this hearing was who would produce the requested documents. Everyone associated with the corporation, including Mr. Rogers, had claimed his fifth amendment privilege with respect to producing the documents.
 
 
 4
 The district court held a second hearing on June 25, at which the corporation was represented by its own attorney. On behalf of Rogers Transportation, counsel argued that the summons was overbroad and also attempted to raise an impossibility defense. As a result of this hearing, on June 25, the district court issued an order requiring the corporation's attorney to produce the documents on behalf of the corporation.
 
 
 5
 Following certain legal skirmishing, not relevant to the issue before us,[1] the district court issued a revised order, deleting reference to the attorney, and requiring the corporation to appoint someone to produce the documents. Appellant immediately filed an appeal, as well as a petition for a writ of mandamus, challenging the court's action.[2] The proceedings were consolidated for a hearing before a panel of this court. After argument, but before a decision by the panel, the matter was referred to the court in banc. For convenience, we will refer to Rogers Transportation, Inc., the petitioner at No. 84-3493 and appellant at No. 84-5556, as "appellant."
 
 II.
 
 6
 Appellant's argument builds on a set of premises that begins with the assertion that it advised the district court that the only two individuals, other than Richard Rogers, who had any familiarity with the company's books and records, also had asserted their fifth amendment privilege. From this, appellant's next premise is that to comply with the order of the court, the corporation would be required to force these individuals to abandon their fifth amendment privilege. Brief for Appellant at 39. Finally, appellant argues that because the target of the underlying IRS investigation, Richard Rogers, is the sole stockholder, director and responsible officer of the corporation, the court's order directing the company to designate a third party to produce the summoned records is, in reality, equivalent to compelling Richard Rogers to do the same. "It is clear that any appointed agent will have to make inquiries to apprise himself of facts in order to produce the summoned records. Consequently, since Richard Rogers is the only individual who can appoint and apprise any such agent of these matters, that agent's production of documents would entail implicit testimony of Mr. Rogers about the existence, location, possession and authenticity of the summoned records." Id. at 40-41.
 
 III.
 
 7
 The cornerstone of appellant's argument is the precept that a government subpoena compels the holder of the document to perform an act "that may have testimonial aspects and an incriminating effect." United States v. Doe, 465 U.S. at ----, 104 S.Ct. at 1242. The Supreme Court has noted:
 
 
 8
 Compliance with the subpoena tacitly concedes the existence of the papers demanded and their possession or control by the taxpayer. It also would indicate the taxpayer's belief that the papers are those described in the subpoena. Curcio v. United States, 354 U.S. 118, 125 [77 S.Ct. 1145, 1150, 1 L.Ed.2d 1225] (1957). The elements of compulsion are clearly present, but the more difficult issues are whether the tacit averments of the taxpayer are both "testimonial" and "incriminating" for purposes of applying the Fifth Amendment. These questions perhaps do not lend themselves to categorical answers; their resolution may instead depend on the facts and circumstances of particular cases or classes thereof.
 
 
 9
 Fisher v. United States, 425 U.S. at 410, 96 S.Ct. at 1581. Thus, it is settled law that, in the context of a sole proprietorship, if the court determines that the act of production would involve testimonial self-incrimination, enforcement of the summons must be denied.
 
 
 10
 But the government counters this argument with the contention that, with respect to testimonial implications, there is a difference between a subpoena directed to a sole proprietorship and one directed to a corporation. The government argues that the "books and records of corporations cannot be insulated from reasonable demands of governmental authorities by a claim of personal privilege on the part of their custodian." Curcio v. United States, 354 U.S. 118, 122, 77 S.Ct. 1145, 1148, 1 L.Ed.2d 1225 (1957). The government notes that in Fisher v. United States, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), the Court reaffirmed the rule "allow[ing] subpoenas against the custodian of corporate documents or those belonging to other collective entities ... over claims that the documents will incriminate the custodian despite the fact that producing the documents tacitly admits their existence and their location in the hands of the possessor." Id. at 411-12, 96 S.Ct. at 1581. See also Bellis v. United States, 417 U.S. 85, 88, 94 S.Ct. 2179, 2183, 40 L.Ed.2d 678 (1974); United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944); Grant v. United States, 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423 (1913); Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911); and Hale v. Henkel, 201 U.S. 43, 74, 26 S.Ct. 370, 379, 50 L.Ed. 652 (1906).
 
 
 11
 Were we to reach the merits of the contentions raised by appellant and the government, we probably would be required to resolve this very difficult question. But new developments in this case, brought to light at oral argument before the court in banc, have persuaded us to remand this case for further consideration in view of these new circumstances.
 
 
 12
 We now have been advised that two employees, other than Richard Rogers (ostensibly those discussed in appellant's brief at p. 39), were granted use immunity subsequent to the district court's order that is the subject of our inquiry. Sections 6002 and 6003 of Title 18 provide for the granting of use immunity with respect to potentially incriminating evidence.[3] In view of this development, it is entirely possible for the documents to be produced by employees of Rogers Transportation, by virtue of their immunized status, without running the potential risk of testimonial self-incrimination inherent in the act of production.[4] Thus, the district court may well be in a position to decide this case without reaching the question of whether United States v. Doe made inroads in a precept long articulated by the Supreme Court from the 1906 Hale case to Fisher in 1976. For purposes of its decision, the district court may be able to assume that the rule of Doe applies, and nevertheless adjudicate the matter. We emphasize, however, that we do not suggest in this case what the resolution should be, because we do not reach the critical issues raised in this appeal.
 
 IV.
 
 13
 Accordingly, we believe that the best course of action is to refer these proceedings back to the district court for further consideration in light of the immunity grant. We will deny the petition for mandamus, vacate the order of the district court, and remand these proceedings for reconsideration in light of the grant of use immunity to the two employees of Rogers Transportation, Inc.
 
 
 14
 Each party to pay its own costs.
 
 
 
 *
 Honorable Edward N. Cahn, of the United States District Court for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 See United States v. Rogers Transp., Inc., 751 F.2d 635 (3d Cir.1985)
 
 
 [2]
 In addition to the fifth amendment problem, Rogers Transportation, Inc., brings a number of issues before us. Appellant contends that: (1) the trial court erred by refusing to permit it to demonstrate, at a hearing, that it was impossible to comply with the IRS summons; (2) the district court incorrectly enforced the underlying summons after narrowing its overly broad scope by striking therefrom any reference to the liability of Richard Rogers; and (3) the district court order was in error because it required appellant to hire an agent to produce the summoned records in violation of the fourth amendment. After carefully considering these arguments, we find them to be unpersuasive
 Appellant's impossibility defense is based on legal, not physical, impossibility to produce the documents. See Halderman v. Pennhurst State School & Hospital, 673 F.2d 628, 638 (3d Cir.1982) (in banc), cert. denied, --- U.S. ----, 104 S.Ct. 1315, 79 L.Ed.2d 712 (1984). The district court has the discretion to determine whether a party should raise the legal impossibility defense at the enforcement or contempt proceedings. See United States v. Barth, 745 F.2d 184, 190 (2d Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 1356, 84 L.Ed.2d 378 (1985). Particularly in view of the recent developments in regard to a grant of immunity, we hold that the district court did not abuse its discretion in not permitting appellant to raise its impossibility defense at the enforcement stage.
 The district court's determination that a summons is overbroad or unclear also is within its discretion. United States v. Malnik, 489 F.2d 682, 686 n. 4 (5th Cir.), cert. denied, 419 U.S. 826, 95 S.Ct. 44, 42 L.Ed.2d 50 (1974); United States v. Ruggeiro, 425 F.2d 1069, 1071 (9th Cir.1970) (per curiam), cert. denied sub nom. Kyriaco v. United States, 401 U.S. 922, 91 S.Ct. 863, 27 L.Ed.2d 826 (1971). The district court's deletion of the reference to Mr. Rogers in the summons was not an abuse of that discretion. Although signaling that only the specified corporate documents, and not Richard Rogers's personal documents need be produced, the summons still had a valid purpose, as all the requested records pertained in some way to Rogers' tax liability.
 Finally, the district court's order in no way violates the fourth amendment. The summons was constitutionally and statutorily valid, satisfying the factors for enforcement listed in United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-255, 13 L.Ed.2d 112 (1964), and being neither overbroad nor imprecise, so as to constitute an unreasonable search and seizure. See United States v. Morton Salt Co., 338 U.S. 632, 651-54, 70 S.Ct. 357, 368-69, 94 L.Ed. 401 (1950); United States v. DeGrosa, 405 F.2d 926, 928-29 (3d Cir.), cert. denied sub nom. Zudick v. United States, 394 U.S. 973, 89 S.Ct. 1465, 22 L.Ed.2d 753 (1969).
 
 
 [3]
 Section 6002 provides in relevant part:
 Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to--
 * * *
 (2) an agency of the United States
 * * *
 and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.
 Section 6003 provides:
 (a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, upon the request of the United States attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this part.
 (b) A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, request an order under subsection (a) of this section when in his judgment--
 (1) the testimony or other information from such individual may be necessary to the public interest; and
 (2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.
 
 
 [4]
 Counsel for the government, informing this court of the grant of use immunity at oral argument, expressed a willingness to proceed with the production by the two employees in lieu of Rogers