## AETNA LIFE INS. CO. v. LITTLE ROCK BASKET CO.
### Civ. No. 2611.

United States District Court, E. D. Arkansas, W. D.

June 25, 1953.

See also D.C., 14 F.R.D. 381.

Owens, Ehrman & McHaney and John M. Lofton, Jr., Little Rock, Ark., for plaintiff.

Barber, Henry & Thurman, John B. Thurman, Little Rock, Ark., and William V. Brown, Texarkana, Tex., for defendant.

LEMLEY, District Judge.

This cause comes on for hearing upon the defendant's motion for discovery and production of documents for inspection, copying or photographing, filed herein pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the plaintiff's objections thereto, and the briefs which have been filed in connection therewith.

■ By means of Paragraph 1 of said motion the defendant seeks to compel the plaintiff to disclose the identity of "all witnesses whose testimony will be introduced at the trial of this cause". Strictly speaking, this information cannot in any event be obtained by means of a motion filed pursuant to Rule 34, but even if this paragraph be treated as an interrogatory under Rule 33, the defendant is not, by the weight of authority, entitled to the information sought. 2 Barron & Holtzoff, "Federal Practice & Procedure", § 766; Cogdill v. T. V. A., D.C.Tenn., 7 F.R.D. 411; McNamara v. Erschen, D.C.Del., 8 F.R.D. 427; Aktiebolaget Vargos v. Clark, D.C. D.C., 8 F.R.D. 635. I am in agreement with these authorities, and the plaintiff's objections to Paragraph 1 of the motion will be sustained.

■ As to Paragraph 2 of the motion, by means of which the defendant seeks copies of any written statements which may have been obtained by the plaintiff from prospective witnesses, it is well settled that a party is not entitled as a matter of right to copies of statements taken by his adversary; there must be a showing of good cause, see 2 Barron & Holtzoff, op. cit., Sec. 796 and cases there cited; and I am not satisfied that good cause has been shown in the instant case. This is not a complicated lawsuit, the only issue being whether or not the death of Mr. Roy Kull was by suicide; it appears to me that the witnesses who can shed light on this issue will probably not be numerous, and it should not be difficult for the defendant by the exercise of ordinary diligence to ascertain the identity of such witnesses and obtain statements from them or take their depositions. The affidavit filed in support of the motion does not disclose that defendant is ignorant of the identity or whereabouts of the individuals familiar with the circumstances of Mr. Kull's death, or that any effort has been made by it to locate any witnesses, or that any witnesses are unavailable or uncooperative. I do not feel that the bare allegation of necessity contained in the motion and the general statements contained in the supporting affidavit are sufficient to make out a showing of good cause; of course, it would be beneficial to the defendant to have access to statements taken by the plaintiff, but that is true in every case, and I do not think the showing sufficient to justify an order requiring plaintiff to turn copies of its statements over to the defendant. Hence, plaintiff's objections to Paragraph 2 will likewise be sustained.

■ Paragraph 3 asks that the plaintiff be required to furnish to the defendant copies of "the written documents executed by any public official concerning the matter in issue, and upon which it will seek to rely in the trial of this cause." The only documents obtainable under Rule 34 are such as are within the possession, custody or control of the adverse party, and there is no allegation or showing that the plaintiff is in possession of or has custody or control over any document executed by a public official which would be relevant to this case; neither is there any designation of the particular documents desired; nor is there any showing of good cause, as required by the Rule. In this connection there would appear to be no reason why the defendant could not obtain copies of any relevant official documents from the custodians thereof or from the public records. For these reasons the objections to Paragraph 3 will also be sustained.

■ The request contained in Paragraph 4, for an opportunity to examine any photographs which the plaintiff may have in its possession and which it intends to introduce in evidence, appears to be reasonable and

will be granted. I take it that the defendant desires to see any photographs in the possession of the plaintiff which show the position of Mr. Kull's body, the nature and position of his wound or wounds, and the location of the weapon which killed him. The relevancy of such photographs is obvious, and it is equally obvious that the defendant cannot now obtain similar photographs of its own.

An order in accordance with the foregoing will be entered.