**UNITED STATES of America,
Appellant,**

**v.**

**John G. McKAY, Jr., Appellee.**

**No. 23488.**

United States Court of Appeals
Fifth Circuit.

Feb. 3, 1967.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Marselli, Meyer Rothwacks, John P. Burke, Joseph M. Howard, Attys., Dept. of Justice, Washington,

D. C., William A. Meadows, Jr., U. S. Atty., Michael J. Osman, Asst. U. S. Atty., Miami, Fla., for appellant.

Joseph F. Jennings, Miami, Fla., for appellee.

Before MARIS,* BROWN and THORNBERRY, Circuit Judges.

MARIS, Circuit Judge:

This is an appeal from an order of the district court denying, upon the hearing of an order to show cause, a petition by the United States to secure enforcement under section 7604(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7604(a), of a summons issued by the Commissioner of Internal Revenue under section 7602 of the Code, 26 U.S.C.A. § 7602. The summons directed John G. McKay, Jr., to appear at the office of the Internal Revenue Service in Miami and there to produce an appraisal report by D. Earl Wilson and Robert M. McKey, appraisers, relating to property of Rimersburg Coal Company, stock of which was owned by the Estate of David J. Crane, deceased, as indicated by the federal estate tax return of the estate which was then under examination by the Internal Revenue Service. McKay is an executor and attorney for the Crane

Estate and he challenges the summons upon the ground that the appraisal report in question was obtained for the purpose of advising and adequately representing the estate in anticipation of possible litigation involving its estate tax liability and as such was protected by the attorney-client privilege or as his work product as attorney for the estate.

 A proceeding for the enforcement under section 7604(a)[1] of a summons issued by the Commissioner of Internal Revenue under section 7602[2] is an adversary proceeding which affords a judicial determination of challenges to the summons, Reisman v. Caplin, 1964, 375 U.S. 440, 446, 84 S.Ct. 508, 11 L.Ed. 2d 459, and to which the Federal Rules of Civil Procedure are applicable. Rule 81(a)(3), F.R.C.P. United States v. Powell, 1964, 379 U.S. 48, 58 note 18, 85 S.Ct. 248, 13 L.Ed.2d 112. Moreover, it has been held that in such a proceeding the summons may be challenged on the ground that the evidence sought to be obtained is protected by the attorney-client privilege. Reisman v. Caplin, supra, 375 U.S. p. 449, 84 S.Ct. 508. The single question raised by the present appeal, therefore, is whether the appraisal report here involved is privileged from

---

* Of the Third Circuit, sitting by designation.

1. "§ 7604. Enforcement of summons

(a) Jurisdiction of district court.—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data." 26 U.S.C.A. § 7604(a).

2. "§ 7602. Examination of books and witnesses

For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such

liability, the Secretary or his delegate is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary of his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry." 26 U.S.C.A. § 7602.

disclosure to the Internal Revenue Service.

In support of his claim of privilege McKay relies upon Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. In the *Hickman* case the Supreme Court had occasion to consider the attorney-client privilege. The Court held that under the discovery provisions of the Federal Rules of Civil Procedure the memoranda, statements and mental impressions prepared or obtained from interviews with witnesses by counsel in preparing for litigation, commonly called the work product of the lawyer, while not within the attorney-client privilege, are nonetheless, as a matter of general policy and in the interest of the orderly working of our system of legal procedure, privileged from disclosure to the opposing party unless adequate cause his shown to invade the privacy of counsel.

■ We think the power of the Commissioner of Internal Revenue to investigate the records and affairs of taxpayers is greater than that of a party in civil litigation. His power has been characterized by this court as an inquisitorial power, analogous to that of the grand jury and one which should be liberally construed. Falsone v. United States, 5 Cir. 1953, 205 F.2d 734, 742, cert. den. 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375. In such context, the criteria of relevancy and materiality have broader connotations than in the context of trial evidence. Schwimmer v. United States, 8 Cir. 1956, 232 F.2d 855, 862, cert. den. 352 U.S. 833, 77 S.Ct. 48, 1 L.Ed.2d 52. As was said in Bolich v. Rubel, 2 Cir. 1933, 67 F.2d 894, 895, these inquisitorial powers are justified "because all the facts are in the taxpayer's hands." Accordingly, the relevancy of the work product privilege enunciated in the *Hickman* case to a proceeding for the enforcement of the Commissioner's summons may well be doubted. Certainly the Federal Rules of Civil Procedure, while applicable to the proceeding in the district court, do not apply to the proceeding in the Commissioner's office. Falsone v. United States, 5 Cir. 1953, 205 F.2d 734,

741–742, cert. den. 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375. And it has been held that cause need not be shown by the Commissioner as a condition to his issuing a summons in the course of re-examining a tax return. United States v. Powell, 1964, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed. 2d 112.

■ But even if it be assumed that the rule of the *Hickman* case might be applicable to the issuance of such a summons it is clear that a report prepared by appraisers, such as is here involved, is not privileged from disclosure either under the attorney-client privilege or as the work product of the lawyer. As to the former the Supreme Court said in the *Hickman* case (329 U.S. p. 508, 67 S.Ct. p. 392):

"We also agree that the memoranda, statements and mental impressions in issue in this case fall outside the scope of the attorney-client privilege and hence are not protected from discovery on that basis. It is unnecessary here to delineate the content and scope of that privilege as recognized in the federal courts. For present purposes, it suffices to note that the protective cloak of this privilege does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation. Nor does this privilege concern the memoranda, briefs, communications and other writings prepared by counsel for his own use in prosecuting his client's case; and it is equally unrelated to writings which reflect an attorney's mental impressions, conclusions, opinions or legal theories."

And with respect to the latter the Court said (pp. 511–512, 67 S.Ct. p. 394):

"We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's

case, discovery may properly be had. Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration. And production might be justified where the witnesses are no longer available or can be reached only with difficulty. Were production of written statements and documents to be precluded under such circumstances, the liberal ideals of the deposition-discovery portions of the Federal Rules of Civil Procedure would be stripped of much of their meaning."

In the present case the appraisal report which the Commissioner seeks to inspect is in no sense the work product of the lawyer, McKay. On the contrary, it would appear to be solely the work product of the expert witnesses whom he employed to prepare it. Admittedly he secured it as executor of the Crane Estate in anticipation of tax litigation. We have no doubt of its relevancy to the determination of the value for estate tax purposes of the stock of the Rimersburg Coal Company held by the estate. In this regard Sec. 20.2031–2 of the Treasury Regulations (1954 Code), provides:

"(f) Where selling prices or bid and asked prices are unavailable * * *

* * * * * *

(2) * * * Complete financial and other data upon which the valuation is based should be submitted with the return, including copies of reports of any examinations of the company made by accountants, engineers, or any technical experts as of or near the applicable valuation date." 26 CFR § 20.2031–2.

We conclude that the Commissioner was entitled to inspect the appraisal report here in question in connection with his determination of the estate tax liability of the Crane Estate and that the district court erred in denying enforcement of the summons which he issued to McKay in that regard.

The order of the district court is reversed and the cause is remanded with directions to grant the petition of the United States to enforce the Commissioner's summons.