**HAYDEN STONE, INC.,
Plaintiff-Appellant,**

v.

**George BRODE and Carl Jeppson
Company, Defendants-Appellees.**

**Nos. 73–1732, 73–1733.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 19, 1974.

Decided Dec. 13, 1974.

George Brode, Samuel Morgan, Chicago, Ill., for defendants-appellees.

Michael B. Roche and Richard T. Zwirner, Chicago, Ill., for Hayden Stone, Inc.

Before SWYGERT, Chief Judge, CUMMINGS, Circuit Judge, and WYZANSKI, Senior District Judge.[1]

PER CURIAM.

Hayden Stone, Inc., plaintiff below, appeals from the order of the district court denying recovery against defendants Brode and Carl Jeppson Company for conversion of a six percent convertible subordinated debenture of the McCulloch Oil Company. Brode and Jeppson cross-appeal from that portion of the district court's order which awards costs of $3,949.70 in favor of Hayden Stone and against Brode and Jeppson pursuant to two sanction orders issued under Fed.R.Civ.P. 37(a)(4) during the discovery proceedings in this case. For the reasons which follow, we affirm the order below.

## I

In Illinois, the elements of a cause of action for conversion are not in substantial dispute:

> To constitute conversion of a chattel there must be an unauthorized assumption of the right to possession or ownership. The essence of conversion is not the acquisition of the property by the wrongdoer, but a wrongful deprivation of the owner thereof; and one claiming a conversion must show a tortious conversion of the chattel, a right of property in it, and a right to immediate possession, absolute and unconditional and not dependent upon some act to be performed. Hobson's Truck Sales, Inc. v. Carroll Trucking, Inc., 2 Ill.App.3d 978, 276 N.E.2d 89, 91 (3d Dist. 1971).

Although the record is by no means clear on the point, the district judge determined that the McCulloch Oil debenture in question was delivered by Hayden Stone, Inc., a brokerage firm, to defendant Brode, a regular customer, pursuant to an order placed by Brode. Since this determination depended in large part on the credibility of two trial witnesses, it cannot be set aside by this court unless it is clearly erroneous. Aunt Mid Inc. v. Fjell-Oranje Lines, 458 F.2d 712, 715–716 (7th Cir. 1972). We do not believe that the clearly erroneous test requires this finding to be set aside, and we therefore proceed to analyze plaintiff's claim on the premise that the debenture was purchased for and transferred to Brode in the normal course of Hayden Stone's business.

Since this transaction was a purchase by Brode on his account, Brode became the *owner* of the bond upon its delivery to him by Hayden Stone. Ill.

---

1. Senior District Judge Charles Edward Wyzanski, Jr. of the District of Massachusetts is sitting by designation.

Rev.Stat. Ch. 26, §§ 8–301(1), 8–313(1). From that point forward Hayden Stone had its remedy in an action for the price. Ill.Rev.Stat. Ch. 26, § 8–107. The facts as found will not support a cause of action in conversion for the simple reason that there was no "unauthorized assumption of the right to possession or ownership" as required by Illinois law. Hobson's Truck Sales, Inc. v. Carroll Trucking, Inc., *supra*. The original transfer and delivery to Brode was voluntary and made in the normal course of business. There was no fraud involved in *this* transfer and subsequent events cannot be relied upon since ownership had clearly passed to Brode when these events occurred.

Hayden Stone's claim for damages on the theory of conversion was therefore properly denied, and its contractual claims properly held to be satisfied by the return of the appreciated bond and accumulated dividends.

## II

During the pre-trial proceedings in this suit, the parties engaged in a rather discouraging and protracted pattern of bickering and non-cooperation. As Judge Perry observed, this suit "was from the beginning fought with a maximum of personal bitterness and recrimination by the parties and their counsel." Two sanction orders resulted from these unhappy circumstances, both directed against defendants Brode and Carl Jeppson Company. In each case, the orders were issued by judges other than the ultimate trial judge, and in each case determination of the amount of the award was held for a later hearing. Judge Perry conducted a hearing on January 23, 1973 to determine the proper amounts to be assessed, and based on that hearing and the evidence there produced, a total award of $3,949.70 was made.

Examination of the record reveals that each sanction order was clearly justified. The first order, issued by Judge Decker, concerned Mr. Brode's evasive and uncooperative response to requests for documents specifically described in a notice of deposition filed by Hayden Stone. Brode's refusal either to produce the requested documents or to verify their existence or nonexistence led to a useless and expensive resort to the courts by Hayden Stone. The second order, issued by Judge Bauer, concerned Brode's clear misuse of the discovery process in the deposition of John K. Eggars, again necessitating a resort to the courts by Hayden Stone, this time to seek a protective order. In both cases the record clearly and convincingly supports the imposition of costs against Brode under the revised provisions of Rule 37(a)(4) of the Federal Rules of Civil Procedure. The district judges therefore acted well within the proper limits of their discretion. Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1126 (5th Cir. 1970).

Finally, defendants have been provided an "opportunity for hearing" within the meaning of Rule 37(a)(4). In each instance the imposition of sanctions was made on the basis of transcripts of the depositions involved and *memoranda from Brode* setting out the alleged justifications for his activities. Moreover, had Brode desired further hearing *after* the imposition of sanctions to present additional justification, he could have moved for such hearings. He did not do so, however, and we do not find error in Judge Perry's decision not to go into these matters a full year after the sanction orders were issued.

The order of the district court is therefore in all respects

Affirmed.