Richard A. **PERSSON** et al., Plaintiffs and Counterdefendants,

v.

**FAESTEL INVESTMENTS, INC.** et al., Defendants and Counterplaintiffs.

No. 79 C 3977.

United States District Court,
N. D. Illinois, E. D.

Dec. 29, 1980.

Stanley Block, Arthur J. McGiver, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for plaintiffs and counterdefendants.

Brian S. Hucker, Stewart W. Karge, McDermott, Will & Emery, Chicago, Ill., for defendants and counterplaintiffs.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

As part of this Court's memorandum opinion and order (the "Opinion") dated September 23, 1980, this Court concluded that with a narrow exception[1] plaintiffs'

opposition to defendants' Motion To Compel Discovery was not substantially justified. It apportioned the expenses in what it found to be a just manner, as contemplated by the last sentence of Fed.R.Civ.P. ("Rule") 37(a)(4), and ordered plaintiffs to pay defendants eighty percent of their reasonable expenses, including attorney's fees and other costs, incurred in relation to the motion. Plaintiffs have subsequently moved for an order:

(1) vacating the portion of the Opinion dealing with the award of fees and

(2) setting a hearing on that subject.

That motion has been fully briefed by plaintiffs' two memoranda aggregating more than twenty pages and defendants' ten-page memorandum (this is without reference to the separate memoranda filed by the parties as to the *amount* of the award).

### Hearing Under Rule 37(a)(4)

Though the current version of Rule 37(a)(4) has been in effect since 1970, there are surprisingly few cases dealing with just what the appropriate procedure should be in providing the "hearing" called for in the Rule. Very often (as was the case here) the movant in the discovery dispute couples the motion to compel discovery or the motion for protective order with a motion for sanctions (normally attorney's fees and expenses). In this case *each* party moved separately for such an award. Each party filed two briefs challenging the other's good faith, excoriating the other for claimed abuse of the discovery process and closing with a renewed urging that this Court award costs and attorney's fees for the party's efforts in seeking relief and opposing the other party's discovery-related motion.

██ Under the circumstances it is somewhat bizarre for plaintiffs to ask for a "hearing" on that subject, as though they had not already been heard.[2] This Court

1. As to that exception, involving the proposed production of family member tax returns, the Opinion concluded that *defendants'* request was without *substantial justification.*

2. This discussion does not of course apply to the question of the *amount* of "reasonable ex-

penses incurred in obtaining the order, including attorney's fees," as to which a hearing is clearly appropriate. It is addressed only to the *propriety* of awarding such expenses as a substantive matter.

would be entirely justified in ruling that by the procedure invoked by the parties themselves, each had elected to treat the briefing of the substantive discovery issues as the "hearing" that the Rule contemplates—or to put the equivalent conclusion differently, that each had *waived* any hearing other than the parties' initial and extensive opposing briefs. It should be recognized that (the *amount* of the award apart) there are really no factual issues that the parties have not addressed fully in those briefs, for the entire thrust of each was its "substantial justification" for its conduct in the discovery process and the lack of "substantial justification" for its opponent's conduct.

Even apart from that possibility, the parties have unquestionably readdressed the subject fully in their current briefs. Accordingly the Court holds that the parties' submissions in their responsive memoranda constitute the "hearing" provided for under Rule 37(a)(4) and that no separate evidentiary "hearing" is required. This is the same conclusion reached in the one case the Court has found addressing the issue (indeed a case on which *plaintiffs* rely in their memorandum to exemplify the "hearing" principle), *Addington v. Mid-American Lines*, 77 F.R.D. 750, 752 n. 1 (W.D.Mo. 1978):

> Pursuant to the express provisions of Rule 37(a)(4), "[t]he court must allow an opportunity for hearing before awarding expenses and fees under Rule 37(a)(4)." 8 Wright & Miller, Federal Practice and Procedure: Civil § 2288 (1976 Supp.) p. 128. Both parties having fully expressed their positions to the Court in writing, the "hearing" requirement of Rule 37(a)(4) has been satisfied.

It is also consistent with this Circuit's one decision involving the "hearing" provision, *Hayden Stone, Inc. v. Brode*, 508 F.2d 895, 897 (7th Cir. 1974), for plaintiffs have had the full opportunity to "present additional justification" in accordance with *Brode*.

### Award of Sanctions

■ In its initial draft the Opinion was much more extended than in final form.

Defendants had advanced a number of grounds to justify defendants' discovery requests, in addition to those on which the Opinion was ultimately based. Several were themselves well-founded, but in the interests of judicial economy (because it is only necessary to kill a mosquito once) the Court found it unnecessary to address them. In light of the liberal standards set forth in Rule 26(b)(1), permitting discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action . . ." and requiring only that "the information sought appears reasonably calculated to lead to the discovery of admissible evidence," there was simply no merit to plaintiffs' arguments (except in the one narrow instance).

Suffice it to say that the Court gave full consideration to the arguments advanced by plaintiffs in their initial two briefs and found that they were not "substantially justified," in the language of the Rule. It has given equally full consideration to the arguments advanced by plaintiffs in their two most recent memoranda and finds no reason to change that conclusion. Plaintiffs' positions on the discovery issues (save only the family members' tax returns) were really indefensible. Given the very low threshold for discoverability under the last sentence of Rule 26(b)(1), defendants' summary characterization (page 5 of their current memorandum) must be viewed as accurate:

> The motion and memorandum of the plaintiffs seeking to strike the Court's award of attorneys' fees, even though it does not question that part of the order requiring production, fails to state any new or different information from that which has already been presented and rejected in the plaintiffs' numerous memoranda on the Motion to Compel. The plaintiffs have attempted to rationalize their conduct in an effort to avoid being sanctioned. The point remains that no matter how the plaintiffs attempt to rationalize their conduct, the plaintiffs conceded the relevance of the information

and documents withheld, conceded that no privilege existed for the information and documents withheld and failed to make a showing that the defendants' requests were overly burdensome. Nothing stated now can disguise the fact that the plaintiffs or their counsel were not justified in taking the position they did.

Accordingly the Court reconfirms its Opinion and finds that, with the exception of the request for family member tax returns, plaintiffs' opposition to the Motion To Compel Discovery was not substantially justified and specifically finds that no other circumstances make an award of expenses unjust.

With respect to the *amount* of the sanctions:

(1) This Court finds that attorney's fees paid for time spent in an unsuccessful local General Rule 12(d) conference is properly encompassed within Rule 37(a)(4)'s reference to "reasonable expenses incurred in obtaining the order," where the other requirements of the latter Rule are satisfied. Such a holding does not "hamper or prejudice," as plaintiffs claim, but rather fosters the purpose of General Rule 12(d) to encourage the resolution of discovery disputes without court intervention.

(2) There is no merit in plaintiffs' contentions seeking to exclude other preparation and court time from defendants' application. Charges for that time also constitute "reasonable expenses incurred in obtaining the order."

(3) This Court finds the hourly rates and, more importantly, the aggregate amount of fees charged by defendants' counsel and reflected in their application to be reasonable.

### Conclusion

Plaintiffs are ordered to pay defendants the sum of $3,060.00 as the reasonable expenses, including attorney's fees, incurred in obtaining the order in question.