### In re HUNTER OUTDOOR PRODUCTS, INC., Debtor.

### Sydney PARLOW, Trustee in Bankruptcy, Plaintiff,

### v.

### The BANK OF NEW YORK, Defendants.

### Bankruptcy No. 76–2631–G.

United States Bankruptcy Court, D. Massachusetts.

June 22, 1982.

On Attorney's Fees July 12, 1982.

Michael West, Kamberg, Berman, Hendel, Gold & West, P. C., Paul H. Rothschild, Bacon, Wilson, Ratner, Cohen, Salvage, Fialky & Fitzgerald, P. C., Springfield, Mass., for plaintiff.

Daniel Bickford, Gaston Snow & Ely Bartlett, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

PAUL W. GLENNON, Bankruptcy Judge.

The above-captioned complaint by the trustee in bankruptcy seeks to have the purported first-lien position of the defendant, The Bank of New York (the "Bank"), subordinated to all general creditors of the debtor. The Complaint alleges generally that the Bank so dominated and controlled the debtor's business, to the detriment of general unsecured creditors, that the doctrine of equitable subordination should be applied to place the Bank last in the line of creditors seeking payment from the debtor's estate.

In connection with his complaint, the trustee has served a Request for the Production of Documents and Things upon the Bank. After settlement of a dispute as to where the documents were to be produced, the trustee agreed to travel to the law offices of Gaston Snow & Ely Bartlett in Boston, to the law offices of Hall & McNichols in New York City, and to the Bank's main office in White Plains, New York. According to the Bank, the documents sought to be discovered are spread through the three different locations, are contained in numerous cardboard boxes, and are not organized in any particular sequence. When the trustee's attorney appeared at the Boston office of Gaston Snow & Ely Bartlett, he objected to the manner in which the documents were presented to him, namely, in unmarked boxes and without any designation as to which documents corresponded to the specific requests of the plaintiff-trustee. When the parties could not resolve their dispute, the trustee brought a motion to compel discovery of the Bank.

Pursuant to Rule 34 of the Fed.R.Civ.P., the Bank had previously responded to the trustee's request and had objected to the production of certain documents on the grounds that the requests were overbroad, oppressive and argumentative. At the hearing on the Motion to Compel Discovery, there was no argument concerning those objections, but rather, the discussion focused solely upon the manner in which the Bank should be required to produce the documents in its possession.

The Bank objected to the production of various documents and a review of the trustee's request is enlightening. Amongst the documents requested by the trustee to be produced were:

1. Any and all documents (including, but not limited to, letters, contracts, memoranda, notes, statements, reports, agreements, telephone messages, promissory notes, credit slips, deposit tickets, acknowledgements, etc.) which show or tend to show:

b. the name THE BANK OF NEW YORK was incorporated under and the date of incorporation; all other names under which THE BANK OF NEW YORK has been known since the date of incorporation to the present, and which indicate the period during which each such name was used; all acquisitions of banks and banking facilities made by THE BANK OF NEW YORK since its incorporation to the present, including the address and date each such acquisition was made, and the former name(s) under which each such acquisition may have been known.

i.–n. The position(s) held by [PAT MURPHY; TOM LANGAN; CLAYTON WHITE; TOM CROWLEY;

JOHN KLEY; JOE BARTLETT] in/with THE BANK OF NEW YORK, the date(s) he started and finished in each, his responsibilities and duties in each such position, his residential address, whether he was ever involved in the affairs of HUNTER, CLARKESBURG, CESSENA, INFLATED, the period of such involvement, in each, and which indicate or tend to indicate what he did with respect to the affairs of each.

o. Whether THE BANK OF NEW YORK at any time exercised responsibility or participated in decision-making, directly or indirectly, over the business activities/operations of HUNTER, CLARKESBURG, CESSENA, INFLATED, the substance of the actions taken by THE BANK OF NEW YORK with respect to the business activities/operations of each of the above; the agreement(s) or arrangement(s) pursuant to which THE BANK OF NEW YORK exercised such responsibility or participated in the decision-making with respect to each; the director(s), officer(s), employee(s), servant(s), agent(s) of THE BANK OF NEW YORK who was so involved; if the Bank exercised such responsibility or decision-making indirectly, through whom (including the full name, residential and business addresses, and position of any person involved) such occurred.

These are just some illustrative examples of the kinds of requests made by the trustee to which the Bank has objected. However, the issue before me here is solely *how* should the records be produced?

■ Rule 34 of the Federal Rules of Civil Procedure governs the production of documents and things. See Bankruptcy Rule 734. Rule 34 provides, in pertinent parts:

(a) SCOPE—any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy, any *designated documents* . . . , or to inspect and copy, test, or sample any tangible things which constitute or contain matters *within the scope of Rule 26(b)* and which are *in the possession, custody or control of the party upon whom the request is served* . . . .

(b) PROCEDURE . . . The request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with *reasonable particularity.*

\*  \*  \*  \*  \*  \*

The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request . . . .

A party who produces documents for inspection shall produce them as they are kept in the *usual course of business or shall organize and label them to correspond with the categories in the request.* [Emphasis added.]

It is as to this last part that the trustee has raised the issue of whether the Bank has properly "produced" the documents that were requested. The trustee asks this Court for an order compelling the Bank to organize and label the records according to the requests made. For the reasons to be discussed, the motion of the trustee shall be denied.

Rule 34 refers to "designated documents . . . within the scope of Rule 26(b) . . . in the possession, custody or control of the party upon whom the request is served . . ." which are described with "reasonable particularity". Rule 34 Fed.R.Civ.P. Since the relevance of the documents requested to be produced has not been challenged by the Bank, and because the Bank has offered to "produce" all the documents in its possession which might relate to this case, I shall assume that all the documents requested are sufficiently relevant to the proceeding before me. I nevertheless must deny the trustee's motion because he has not sufficiently designated the records to be produced, has neither alleged nor shown that the documents requested to be produced even exist, and has failed to sufficiently describe each document so that the Bank can know with reasonable certainty what it is required to produce.

■ The plaintiff's requests generally ask for any and all documents which show or tend to show that the defendant is guilty of the conduct complained of. Such a request is not a sufficient designation under Rule 34. See *Aetna Life Insurance Co. v. Little Rock Basket Co.*, 14 F.R.D. 383, 19 F.R.Serv. 34.411, Case 3 (E.D.Ark.1953).

Some degree of specificity is essential. The sweeping demands of plaintiff are not bounded by time, by scope, or by reasonable category. * * * The plaintiff's demand amounts to an insufficient designation which does not indicate within a reasonable degree of certainty what the defendants would be expected to produce. *International Commodities Corp. v. International Ore & Fertilizer Corp.*, 30 F.R.D. 58, 61 (S.D.N.Y.1961).

The trustee's request encompasses all manner and form of documentation which might "show or tend to show" certain things. Whether something shows or tends to show a particular fact requires a subjective opinion and is not sufficiently definite as to require production under Rule 34. See generally, 4A *Moore's Federal Practice* ¶ 34.07 (2nd Ed. 1981).

Furthermore, the trustee has failed to show that the documents he seeks are even in existence, much less in the possession, custody or control of the Bank. The failure to show for a fact that documents exist has been held to be grounds for denial of a motion under Rule 34. See *Mullen v. Mullen*, 14 F.R.D. 142, 18 F.R.Serv. 34.41, Case 4 (D. Alaska 1953); *Schoenberg v. Decorative Cabinet Corp.*, 27 F.Supp. 802, 1 F.R. Serv. 34.43, Case 1 (E.D.N.Y.1939); *Margeson v. Boston & Maine Railroad*, 16 F.R.D. 200, 20 F.R.Serv. 527 (D.Mass.1954). Although in most instances the Bank has not denied the existence of the documents specifically, the trustee has made no showing whatsoever that would lead this Court to believe that the large majority of the documents he seeks even exist.

Consideration should be given to the purpose of Rule 34. While "fishing expeditions" may be conducted under Rules 26 to 33 by the use of depositions and interrogatories, Rule 34 was not designed for this purpose. [citations omitted]. Rather, the purpose of Rule 34 is to provide a method whereby a party may procure the production of certain specific items by order of the court. The purpose of Rule 34 is not to discover what exists, but to force the production of items that do exist. An order to produce may not be made until the existence of the documents is established. *William A. Meier Glass Co., Inc. v. Anchor Hocking Glass Corp.*, 11 F.R.D. 487, 16 F.R.Serv. 34.13, Case 1 (W.D.Pa.1951).

The trustee apparently seeks to have the Bank search through all of its records and identify each and every document or thing which shows or tends to prove the plaintiff's case. I suppose that to the extent the Bank denies the allegations of the complaint, no such documents would exist, in its eyes.

■ The real issue here is whether the Bank should be required to "make" the trustee's case for him. As to some of the documents requested by the trustee, the Bank has agreed to produce them. As to others, it has objected, but has also agreed to make its files available, such as they are, for the plaintiff's inspection. Where the plaintiff has failed to designate particular documents or categories of documents in such a way as to permit the defendant to readily identify the documents or things to be produced, a motion to compel discovery will not lie. Further, where the documents and things sought to be produced have not even been shown to exist, or are not subject to a reasonable inference that they exist, the Court cannot compel their production. Finally, where the defendant has otherwise offered to produce documents and things, such as they are, for the plaintiff's inspection, and the plaintiff is not otherwise entitled to an order under Rule 34, the Court is without authority to compel their organization or labelling. The Court makes no ruling at this time on the specific objections of the Bank, but rules only that a motion to compel production will not lie at this time. Pursuant to Rule 37(a)(4), any expenses, including attorney fees, shall be awarded to

the Bank upon the filing of proper affidavits therefor within 10 days of the date of this order, and subject to the discretion of this Court.

Therefore, the plaintiff's motion is DENIED in accordance with this Memorandum.

## MEMORANDUM AND ORDER

### On Attorney's Fees

■ On June 22, 1982, the Court denied the above-captioned plaintiff's motion to compel discovery and stated its intention to award expenses and reasonable attorney's fees to the defendant pursuant to Rule 37(a)(4). Accordingly, the defendant's attorney has submitted an affidavit stating that the cost of legal services in connection with this matter was $2,626.50. No expenses were sought. For the reasons which appear below, I award the defendant $750.00 as a reasonable attorney's fee in connection with responding to the plaintiff's motion.[1]

It is clear that Rule 37(a)(4) contains a mandatory requirement for the allowance of expenses and attorney's fees to the prevailing party when the motion is either granted or denied. *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115 (6th Cir. 1976). Such a requirement furthers the policy of Rule 37 to discourage litigation concerning the propriety of discovery. *Id.* Finally, the exception to a mandatory award, where the motion was substantially justified or an award would otherwise be unjust, I find not to be applicable to the matter before me.

However, Rule 37(a)(4) provides for an award only as to those fees incurred in opposing the motion to compel discovery, and not as to all fees incurred with discovery in general. In the case at bar, the motion to compel generated a short "opposition" from the defendant, a memorandum of law, a one hour court appearance, and a short affidavit of services. Yet, the affidavit of the defendant's attorneys concerning services rendered in connection with the motion states that thirty three (33) man-hours were expended "in the preparation of documents for production," which is not the subject of this fee award. Additionally, the time allotted to actual work in opposing the motion appears to have been excessive. It should not have required 27.9 hours to prepare a two page opposition to the motion, a relatively short memorandum of law, and an affidavit of services rendered. Accordingly, I find that no more than one and one half hours (1½) of a partner's time should have been required in deciding upon the form and content of the defendant's opposition to the plaintiff's motion, particularly when the defendant had already prepared lengthy objections to the initial discovery request.

Further, the researching and drafting of a memorandum in support of the defendant's position should not have required more than four (4) hours of an associate's time.

The court appearance required only one (1) hour of a partner's time, and I am denying any request for travel time between Boston and Worcester. The defendant chose its attorneys and must itself bear the cost of their travel time to the court, particularly where local counsel might otherwise have been used. Finally, the preparation of the affidavit regarding the legal services rendered should not have required more than one half (½) hour of a partner's time where the services to be accounted for were or should have been minimal.

Thus, I conclude that the reasonable services necessary to oppose the motion to compel discovery should have been a total of three (3) hours by members of the law firm and four (4) hours by associates. Allowing $150/hour for a partner's time, and $75/hour for an associate of the firm, I

1. This award is made without a hearing on the question of fees in order to minimize legal time and effort. However, I recognize that Rule 37 requires a hearing and, after discussions with counsel, have decided to delay the effect of today's decision for 10 days from today's date, so that either party may request a hearing within that time if they so desire. See *Hayden Stone, Inc. v. Brode*, 508 F.2d 895 (7th Cir. 1974).

conclude that $750 is a fair and reasonable fee in this matter.

■ Finally, I note that the plaintiff here is a trustee in bankruptcy who, in all likelihood, presently has little if any funds to satisfy this award and, in any event, that such a payment by the trustee would only be at the expense of other creditors. Thus, I feel it is only equitable to limit the payment by the trustee to any judgment or settlement proceeds he may realize from this particular suit. Accordingly, it is ordered that the $750 shall be paid by a deduction from any net recovery the trustee may realize in this suit. In the event that the trustee is unsuccessful in this suit, the award shall be paid by co-counsel for the trustee, $375 by each law firm.

Therefore, in accordance with the foregoing, it is ORDERED that:

1. The defendant shall be awarded $750 as a reasonable attorney's fee in opposing plaintiff's motion to compel discovery;

2. The effect of this order shall be stayed for ten (10) days from this date so that either side may request an appropriate hearing, and if none is requested within that time, the order shall be final;

3. Payment of the aforesaid award shall await the final disposition of the suit, and shall then be paid in accordance with the Court's Memorandum.