**ENTRUST MANAGEMENT COMPANY, Plaintiff,**

v.

**Richard B. GOLD and Rich Gold Co., Defendants.**

No. 84 C 7029.

United States District Court, N.D. Illinois, E.D.

May 28, 1985.

---

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

Plaintiff Entrust Management Co. ("Entrust") is an Illinois corporation engaged in the business of managing commercial and residential real estate. Defendant Rich Gold Co. ("Gold Co.") is a California corporation engaged in the business of real estate brokering, and defendant Richard B. Gold ("Gold") is a California citizen who is a licensed real estate broker in the State of California and an officer and agent of Gold Co. Entrust leased an office complex to Attorney's Office Management, Inc. ("AOMI") on the personal guarantee of Paul Fegen ("Fegen"), AOMI's chief executive officer. Gold Co. negotiated the lease on behalf of AOMI and was paid a broker's commission of $256,844 by plaintiff. One month after defendants received the final commission installment, AOMI and Fegen filed for bankruptcy. The tenants never occupied the premises, despite the fact that the plaintiff expended over $650,000 in improvements thereon. Plaintiff never collected any rent. In addition to the return of the unearned broker's commission, plaintiff seeks damages in excess of $7 million. In a seven count complaint, Entrust alleges that in the course of the lease transaction, Gold and Gold Co. violated the Illinois Real Estate Brokers and Salesman Act, committed fraud, conversion, negligent misrepresentation, breach of quasi-contract, and that there was failure of consideration of a third-party beneficiary contract. Presently pending before this Court is the motion of the defendants to dismiss the complaint for failure to state a claim upon which relief can be granted and for failure to plead fraud with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

■ Defendants' motion to dismiss is denied. This Court has carefully examined the complaint and finds that it pleads with sufficient particularity the time, place, and manner of the alleged fraudulent and deceptive misrepresentations and omissions that give rise to this action. The gist of the plaintiff's complaint is that defendants induced plaintiff to enter a ten-year lease with AOMI on Fegen's personal guarantee by presenting both AOMI and Fegen as "ready, willing, and able" to perform all lease obligations and that they were not in fact "ready, willing, and able" to do so. According to the allegations of the complaint, which this Court must accept as true for purposes of the motions, defendants repeatedly, falsely, and fraudulently assured plaintiff, in response to its direct inquiries, that AOMI and Fegen were not experiencing any financial difficulty. Plaintiff also alleges that defendants had material knowledge of AOMI's and Fegen's inability to perform under the terms of the lease. Although it is true that the complaint alleges superior knowledge upon information and belief, pleadings on "information and belief" are permissible on matters peculiarly within the defendants' knowledge. Rule 9(b) "does not preclude allegations based upon information and belief, ... but merely requires that the 'circumstances' constituting the fraud shall be stated with particularity." *MSL Industries, Inc. v. Airtrol Corp.*, 21 F.R.Serv.2d 477, 478 (N.D.Ill.1976). Particularly in light of plaintiff's allegations that Gold shared office space with AOMI, this Court concludes that the circumstances constituting the fraud have been pleaded with sufficient particularity in this case.

■ This conclusion necessitates a finding as well that Count II adequately states a cause of action for violation of the Illinois Real Estate Brokers and Salesman Act. That Act obligates brokers to disclose "all material knowledge [they] may have as soon as practicable." The allegations of Count II are to the effect that defendants knew that AOMI and Fegen could not perform their lease obligations but did not so disclose that material information to plaintiff. The Act also requires that a broker must be registered with the Illinois Department of Registration and Education or work in conjunction with a broker registered in Illinois to be entitled to receive a

commission. Plaintiff has alleged on information and belief that defendants are not registered in Illinois and were not working in conjunction with an Illinois broker. Defendants do not dispute this allegation. Accordingly, Count II of the complaint states a claim upon which relief can be granted.

 Similarly, under the Illinois law of conversion as enunciated in *Hayden Stone, Inc. v. Brode*, 508 F.2d 895, 896 (7th Cir. 1974), and *Marcano v. Northwestern Chrysler-Plymouth Sales, Inc.*, 550 F.Supp. 595, 603 (N.D.Ill.1982), the complaint adequately states a cause of action for conversion. The complaint alleges that defendants wrongfully induced plaintiff to pay commissions to them even though defendants knew that AOMI and Fegen were not capable of performing their lease obligations, that plaintiff had a right to the return of the commission, and that plaintiffs demand for that return was rejected. This Court cannot accept the defendants' contention that they properly received the commission because the plaintiff voluntarily mailed the commissions to them. Conversion depends not on how property is obtained but on whether the defendants' possession or retention of the property wrongfully deprives the rightful property owner of its use. To the extent that plaintiff was defrauded into sending the commission to defendants, plaintiff did not "voluntarily" send the commissions.

This Court finds that the complaint adequately states a cause of action for negligent misrepresentation in Count VI under the standard set forth in *Penrod v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Ill.App.3d 75, 81–82, 24 Ill.Dec. 464, 469, 385 N.E.2d 376, 381 (3d Dist.1979) and *Rozny v. Marnul*, 43 Ill.2d 54, 250 N.E.2d 656 (1969). Counts V and VI also state causes of action for breach of an implied in law and quasi-contract respectively, although they are redundant of one another. There is no substantive difference between a cause of action based on an implied in law contract and a cause of action based upon quasi-contract, and plaintiff has pointed to no case law or authority indicating that there is such a substantive difference. Accordingly, Count VI of the complaint is dismissed because it adds nothing.

Finally, this Court concludes that plaintiff has adequately pleaded a claim in Count VII for failure of consideration of the third-party beneficiary contract. Plaintiff has alleged that defendants' failure to produce a tenant who was ready, willing, and able to perform the lease obligations resulted in a failure of consideration of the third-party beneficiary contract between plaintiff and AOMI and Fegen in favor of defendants. Plaintiff alleges that it received nothing of value whatsoever from either AOMI, Fegen, or the defendants. This Court cannot accept as true the defendants' contention that AOMI and Fegen were in fact able to perform. For purposes of the motion to dismiss, the plaintiff's allegation that they were unable to perform at the time that they entered into the lease must be accepted as true.

Accordingly, defendants' motion to dismiss the complaint for failure to state a cause of action and for failure to plead fraud with particularity is denied except as to Count VI of the complaint which is dismissed as redundant. It is so ordered.