Robert HARTMAN, et al., Plaintiffs,

v.

Edward CAPLAN, et al., Defendants.

No. 86 C 7614.

United States District Court,
N.D. Illinois, E.D.

May 21, 1987.

Robert I. Berger, Jeffrey T. Kraus, Altheimer & Gray, Chicago, Ill., for plaintiffs.

Alan N. Salpeter, Mitchell D. Raup, Mayer, Brown & Platt, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Before this court is plaintiffs' motion to compel and for sanctions. This court grants plaintiffs' motion for the reasons stated below.

## FACTS

Plaintiffs and defendants are investors in a limited partnership named Chevy Associates. The general partners of Chevy Associates called a meeting at which the sale of certain partnership assets to Grant Hospital was to be discussed and voted upon. These assets comprised the Chevy Chase Nursing Center ("Nursing Center").

Defendants opposed the sale. Defendants sent a letter to counsel for Grant Hospital. Therein defendants accused Grant Hospital of being a knowing and willful participant in a scheme to defraud certain limited partners of Chevy Associates.

After receiving the letter, Grant Hospital notified Chevy Associates that it was no longer interested in purchasing the Nursing Center. In response, plaintiffs filed suit alleging defendants tortiously interfered with a business opportunity and alleging breach of contract. Defendants counterclaimed against the general partners alleging they breached their fiduciary duty to the limited partners.

Defendant Rosow contacted two of the general partners of Chevy Associates after the lawsuit was filed and after the Grant Hospital deal had fallen apart. Rosow expressed his interest in purchasing the Nursing Center along with several other investors.

Plaintiffs have repeatedly requested that defendants identify these prospective investors. Defendants refused to comply. Defendant Rosow was asked to identify one of these investors during his deposition. He refused. On a related matter, defendants have sought the identity of an appraiser who gave defendants' counsel an appraisal of the value of the Nursing Center. Again defendants refused to comply. This motion to compel ensued.

## DISCUSSION

First, plaintiffs seek the identity of a prospective investor in the Chevy Chase Nursing Center. Rosow referred to that unidentified investor in his letter to Grant Hospital dated September 15, 1986. Defendants assert that the name of the unidentified investor and the investment transaction itself are not relevant to any issue in the case. This court disagrees.

Plaintiffs filed this suit alleging that defendants' conduct amounted to tortious interference with a business opportunity and breach of contract. Plaintiffs implicitly assert that defendants sabotaged earlier contract negotiations for the sale of the Nursing Center between Grant Hospital and investors in the Chevy Associates partnership. Plaintiffs imply that defendants interfered with the negotiations by contacting Grant Hospital and dissuading them from purchasing the Nursing Center so that the Nursing Center could be purchased by buyers more favorable to defendants.

■ This court finds the identity of this unidentified investor relevant to an issue raised in the complaint and would lead to the discovery of admissible evidence. This

unidentified investor may be able to illuminate Rosow's *motive* in contacting Grant Hospital and interfering with the sale of the Nursing Center to Grant Hospital. Consequently, this court grants plaintiffs' motion to compel defendant Rosow to identify the unidentified prospective investor.

■ Plaintiff also moves to compel defendants to identify an appraiser who conducted a "walk-through" appraisal of the Nursing Center. Plaintiffs contend that defendants themselves placed the value of the Nursing Center into issue when they filed the counterclaim based on breach of fiduciary duty. Plaintiffs implicitly suggests that the appraisal value is relevant to determine whether defendants knew that the Nursing Center was being sold for a reasonable price and the recommendation of such sale by the general partners of Chevy Associates would not constitute the breach of fiduciary duty.

Defendants counter stating that the appraiser is a consulting expert who was employed in anticipation of litigation and who is not expected to testify at trial. Defendants also argue that the appraiser/consultant was not hired by them, but rather hired by defendants' attorney Alan Salpeter. Finally, defendants contend that the appraiser's identity is unknown to them. Therefore, defendants contend that plaintiffs are not entitled to discover his identity under Rule 26(b)(4)(A) and his identity is protected by the work-product doctrine.

The fundamental issue is whether the name of the appraiser/consultant is privileged from disclosure to plaintiffs by the work-product doctrine. In general, statements and mental impressions prepared or obtained from interviews with witnesses by counsel are privileged from disclosure. Rule 26(b)(4)(B). These statements or impressions must be acquired in anticipation of litigation. As a general policy and in the interest of justice, information acquired by counsel in this fashion is privileged from disclosure to the opposing party unless adequate cause is shown to invade the privacy of counsel. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

Defendants improperly rely on the work-product doctrine. The work-product doctrine applies to information acquired by counsel in anticipation of litigation. In the instant case, the appraiser's appraisal was not acquired in anticipation of litigation. The appraisal was issued in June of 1986. However, the complaint was not filed until October of 1986, four months later. Consequently, this court finds that the appraisal was acquired by defendants in order to aid them in evaluating the merits of the proposed contractual agreement to sell the Nursing Center to Grant Hospital. Defendants cannot hide behind the work-product doctrine since defendants did not acquire the appraisal in anticipation of litigation.

■ Defendants' work-product argument is rejected for a second reason. In *United States v. McKay*, 372 F.2d 174, 176–77 (5th Cir.1967), the Fifth Circuit rejected a similar argument. In *McKay*, the Internal Revenue Service sought to secure enforcement of a summons issued to a person who was both the administrator and counsel of the deceased David Crane. This summons ordered counsel to produce an appraisal report relating to the value of certain stocks formerly held by David Crane. Counsel refused to produce the appraisal. He claimed the appraisal was protected by the attorney-client privilege and the work-product doctrine. The Fifth Circuit disagreed. The *McKay* court held that a report prepared by appraisers for counsel is *not* privileged from disclosure either under the attorney-client privilege or as the work product of the lawyer.

In the instant case, this court follows the *McKay* court and holds that the protective cloak of the work-product doctrine does not extend to information which an attorney secures from an appraiser. Similarly, the name of the appraiser is in no sense the work product of the lawyer.

Consequently, defendants cannot avoid disclosing the identity of the appraiser by hiding behind the work-product doctrine. Moreover, plaintiffs' search for the apprais-

er's name is reasonably calculated to lead to the discovery of admissible evidence. The appraiser/consultant could be deposed to determine whether defendants knew that the Nursing Center was offered for sale at a reasonable price. Such information would deflate defendants' allegation that the general partners of Chevy Associates breached their fiduciary duty. Accordingly, this court grants plaintiffs' motion to compel defendants to identify the name of the appraiser who conducted the walk-through appraisal of the Nursing Center.

■ The final issue before this court is whether defendants and counsel for defendants should be required to pay the expenses incurred by plaintiffs in connection with the preparation of this motion. In general, Rule 37(a)(4) requires a deponent whose conduct necessitates a motion to compel to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorneys' fees. Such costs may also be imposed against an attorney who advises the deponent to engage in such conduct. However, no costs shall be imposed if the court finds that the opposition to this motion to compel was substantially justified or that other circumstances make an award of expenses unjust.

In the instant case, this court finds that the defendants and their counsel acted without substantial justification. This court believes defendants and their counsel abused the discovery process by forcing a discovery dispute to court when no genuine dispute exists. Such abuse is a great waste of judicial time, energy, and expense. Such conduct must be deterred and sanctioned. However, the overriding rationale for this court's imposition of expenses is to reimburse the moving party. Consequently, this court orders defendants and their counsel to pay plaintiffs' reasonable expenses incurred in obtaining this order, including attorneys' fees. This court will conduct a hearing to determine the amount of the award at a later date. Moreover, Rosow and his counsel are ordered to bear the expense of reconvening Rosow's deposition.

■ Finally, this court holds that defendants were given an "opportunity for hearing" within the meaning of Rule 37(a)(4). This court follows the Seventh Circuit's guidance in *Hayden Stone, Inc. v. Brode*, 508 F.2d 895 (7th Cir.1979). The *Brode* court was confronted by a trial court which had imposed sanctions. The trial court imposed sanctions based on deposition transcripts and memoranda from the nonmoving party. The deposition transcripts and memoranda set out the alleged justification for the nonmoving party's activities. Nevertheless, the Seventh Circuit held that the trial court afforded the nonmoving party an opportunity for a hearing and complied with Rule 37(a)(4).

The instant case is similar to the *Brode* case. Here, this court imposed sanctions based on the transcript of Rosow's deposition and memorandum submitted by Rosow's attorney alleging justification for defendants' actions. Consequently, this court holds that defendants and their counsel were afforded an opportunity for a hearing. In sum, the defendants and their counsel elected to treat the briefing of the substantive discovery issue as the "hearing" that Rule 37 contemplates. *Accord, Persson v. Faestel Instrument, Inc.*, 88 F.R.D. 668 (N.D.Ill.1980).

## CONCLUSION

This court grants plaintiffs' motion to compel defendant Rosow to identify the unidentified prospective investor at issue. In addition, this court grants plaintiffs' motion to compel defendants to identify the name of the appraiser who conducted the walk-through appraisal of the Chevy Chase Nursing Center. Next, this court orders defendants and their counsel to pay plaintiffs' reasonable expenses incurred in obtaining this order, including attorneys' fees. Finally, Rosow and his counsel must bear the expense of reconvening Rosow's deposition.

IT IS SO ORDERED.