**Robert G. MOORE, Plaintiff,**

v.

**YELLOW FREIGHT SYSTEM, INC., and Richard Weston, Defendants.**

Civ. A. No. 87–1031–T.

United States District Court, D. Kansas.

May 29, 1990.

---

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the motions of plaintiff for discovery expenses and for an order to compel discovery.

Plaintiff's first motion relates to the failure of a witness to appear at a deposition to be taken in Austin, Texas. Plaintiff incurred certain expenses in travelling to Austin, but the witness failed to appear. Plaintiff submits that expenses are warranted under Fed.R.Civ.P. 30(g)(2) because defendants did not subpoena nor attempt to subpoena this witness. Rule 30(g)(2) provides:

> If the party giving the notice of the taking of a deposition of a witness fails to serve a subpoena upon the witness and the witness *because of such failure* does not attend, and if another party attends in person or by attorney because that party expects the deposition of that witness to be taken, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

(emphasis added).

Defendants oppose the motion and state that the absence of the witness was due solely to an unavailable medical emergency of the witness. Defendants had contacted the witness only three days before the scheduled deposition, and the witness had assured them that he would be able to attend. The witness was visiting a brother the following day at the time he became ill and did not have the telephone number of defendants' attorneys. Thus, the witness was unable to inform the defendants' attorneys of his inability to attend the deposition due to sudden illness.

Plaintiff does not dispute the accuracy of the factual averments set forth by defendants. It appears that the absence of the witness was not caused by any omission by defendants' attorneys, and specifically was not due to the failure of defendants to subpoena this witness. The court will therefore deny plaintiff's motion for expenses incurred in traveling to Austin.

Plaintiff has also filed a motion to compel answers to interrogatories and production of documents pursuant to Fed.R.Civ.P. 37. Plaintiff's counsel certifies that he had conferred with defendants' counsel on this matter, in compliance with D.Kan. Rule 210(j). Plaintiff also requests attorney's fees and expenses for this motion. Defendants have filed no reply, and the court will therefore grant the uncontested motion. D.Kan. Rule 206(g). Defendants have been given the opportunity to oppose plaintiff's motion for these expenses but have waived any arguments against it. *See Persson v. Faestel Investments, Inc.*, 88 F.R.D. 668 (N.D.Ill.1980).

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for expenses due to failure to serve subpoena on witness be denied.

IT IS FURTHER ORDERED that plaintiff's motion to compel answers to interrogatories and production of documents be granted. Defendants shall produce the requested answers and materials within ten (10) days from the filing of this order, and plaintiff shall be entitled to recover reasonable expenses incurred in obtaining this order.