Muriel E. KRASZEWSKI, Daisy O. Jackson and Wilda Tipton, on behalf of themselves and all other persons similarly situated, Plaintiffs,

v.

STATE FARM GENERAL INSURANCE COMPANY, State Farm Mutual Automobile Insurance Company, and State Farm Fire and Casualty Company, Defendants.

No. C 79–1261 TEH.

United States District Court, N.D. California.

Jan. 23, 1984.

**112**

Guy T. Saperstein and Jeffrey S. Brand, Farnsworth, Saperstein & Seligman, Oakland, Cal., for plaintiff-in-intervention, Wilda Tipton, Muriel E. Kraszewski and Daisy O. Jackson.

Paul N. Dane, Pleasant Hill, Cal., for claimant, Olivia Hummel.

John C. McCarthy, Law Offices of John C. McCarthy & Associates, Claremont, Cal., for Janice Needham and Myra Ogburn.

Kirby Wilcox, Raymond Wheeler, and David Slate, Morrison & Foerster, San Francisco, Cal., for defendants.

## ORDER

THELTON E. HENDERSON, District Judge.

The defendants and their counsel have moved for reconsideration of this Court's order of June 9, 1983 which assesses against them sanctions for discovery abuse. The matter has been exhaustively briefed and argued and, for the reasons stated below, the June 9th Order will be modified, in part, to reflect (1) the new evidence regarding production of the Madsen memo and (2) the appropriate statutory basis for the plaintiff's award of costs and attorneys' fees incurred in obtaining various motions to compel discovery. We find the moving parties' remaining objections to the June 9th Order to be without merit. Accordingly, their motion for reconsideration will be granted in part and denied in part. In the present order, we also grant the request of defendants and their counsel

for a stay of this Court's consideration of the plaintiffs' application for attorneys' fees and costs under paragraph (5)(b) of the June 9th Order at 31–32, pending further and limited discovery.

In moving for reconsideration of this Court's order of June 9, 1983, the defendants and their counsel challenge (1) the Court's characterization of the sanctions levied in that order as civil, (2) the sufficiency of the evidence supporting the Court's findings of discovery abuse, and (3) the adequacy of their opportunities to be heard. Each challenge is discussed briefly and in turn below. Additionally, in response to the discovery dispute which has arisen regarding the plaintiffs' application for attorneys' fees under the June 9th Order, an expedited discovery and briefing schedule is set. The precise order of the Court in these related matters appears at the conclusion of this decision.

## I. MOTION FOR RECONSIDERATION

### A. *The Nature of the Sanctions*

The defendants and their counsel first challenge the Court's characterization of the sanctions levied in the June 9th Order as civil. They contend that the sanctions are punitive and were imposed without regard to the defendants' and their counsel's procedural rights under Rule 42(b) of the Federal Rules of Civil Procedure.[1] In support of this position, they argue that (1) the order's strong language is inconsistent with its compensatory purpose and effectively alters the nature of the sanctions from civil to criminal, and (2) the monetary sanctions imposed are not tailored to match the harm suffered by the plaintiffs and therefore cannot support their civil, compensatory label. Neither contention has merit.

First, sanctions are never "wholly civil nor altogether criminal." *Gompers v. Bucks Stove and Range Co.*, 221 U.S. 418,

---

1. Rule 42(b) governs the imposition of criminal contempt, levied pursuant to the court's inherent contempt power or its contempt power under Rule 37(b)(2)(D) of the Federal Rules of Civil Procedure. Rule 42(b) has been interpreted to require notice, a hearing, reasonable time to prepare a defense, proof of contempt beyond a reasonable doubt and the right to trial by jury in certain cases. *See Falstaff Brewing Corp. v. Miller Brewing Corp.*, 702 F.2d 770, 777–78 n. 1 (9th Cir.1983).

441, 31 S.Ct. 492, 498, 55 L.Ed. 797 (1911). It is their primary purpose, however, rather than their incidental effects, which determines their civil or criminal nature. *Falstaff Brewing Corp. v. Miller Brewing Corp.*, 702 F.2d 770, 778 (9th Cir.1983) (hereafter cited as *"Falstaff Brewing Corp."*). The test is: what did the sanctioning court primarily seek to accomplish by imposing the sanctions? *Falstaff Brewing Corp.*, 702 F.2d at 778. If the primary purpose of the sanction was to punish past defiance of a court's judicial authority, and thereby vindicate the court—the sanction is considered punitive and criminal. If, however, the court intended to compel obedience to a court order or to compensate the injured party for the harm suffered by his adversary's misconduct, the sanction is treated as civil. *Id.*

■ The defendants and their counsel suggest that this Court's clearly stated and executed goal of fashioning appropriate civil, compensatory sanctions is undercut by the Order's language which reveals this Court's displeasure with their conduct. No authority is cited for this proposition and we have found none to support it. To the contrary, given the district court's broad discretion to devise sanctions which effectively address discovery abuse, *United States v. Westinghouse*, 648 F.2d 642, 651 (9th Cir.1981), it seems unlikely that a court, greatly disturbed by the conduct of a party or its counsel, is constrained from expressing that displeasure simply because it chooses to deal with the offensive behavior by civil rather than criminal sanctions. We thus decline to alter the language of the June 9th Order on this ground.

■ Second, the defendants' and their counsel argue that the monetary sanctions do not adequately reflect the harm or prejudice suffered by the plaintiffs. By so arguing, they rightly note that the goal of compensatory sanctions is to make the injured party whole. *Falstaff Brewing Corp.*, 702 F.2d at 779. In fashioning a compensatory sanction, the Court must tailor its award to the pecuniary injury caused by the unexcused conduct. *Id.* The amount necessary to compensate the ag-

grieved party may be estimated by the sanctioning court. *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1371 (9th Cir.1980).

The June 9th Order provides for conditional and absolute monetary sanctions. The conditional sanctions, described at paragraphs 68 and 69 of the order, mature only if (1) the plaintiffs prevail on the merits, and (2) this Court approves any requested fees and recoveries as reasonable and appropriate. In other words, even if they prevail, the plaintiffs and their counsel will not be entitled to any compensatory awards until they make showings of need and injury, and those showings are tested by their adversaries and approved by this Court. We believe that this procedure will ensure that the awards approved, if any, will reflect the losses suffered by the plaintiffs and their counsel. Moreover, we reject the defendants' and their counsel's contention that the absolute award of $5000 provided by paragraph 88 of the June 9th Order, is an unreasonable estimation of the prejudice suffered by the plaintiffs because of their inability to present this Court with their version of critical financial information. *See* June 9th Order at ¶¶ 37–45, 87–89. After fully reconsidering the propriety of the award, we believe that it adequately reflects and monetizes the strategic loss suffered by the plaintiffs and thus decline to alter the amount of the modest sum awarded.

### B. *Sufficiency of the Evidence*

The defendants and their counsel next broadly challenge the sufficiency of the evidence supporting this Court's findings of discovery abuse. After careful review of the record, we find the defendants' and their counsel's position as to the Madsen memo well-taken and the June 9th Order will be modified to reflect it. Their remaining arguments, however, we reject.

■ First, we agree that the record no longer supports the monetary and preclusionary sanctions levied in regard to the Madsen memo. With their motion for reconsideration, the defendants and their counsel present new and undisputed evi-

dence which reveals that the Madsen memo was properly listed as a trial exhibit. Moreover, on further reflection, we believe that the disputed factual circumstances surrounding the tardy production of the memo alone cannot support the sanctions levied. Accordingly, findings of fact 30 through 36, and findings of law 83 through 86 will be vacated. Additionally, the Madsen memo will be admitted into evidence and the plaintiffs will be ordered to return the $1500 monetary sanction to defense counsel.

Second, we find that the record fully supports the remaining sanctions. Accordingly, we reject the contentions of defendants and their counsel that the tardy production of the AIB Cards, Declarations of Understanding, the Milrod Report and the net compensation data cannot support the sanctions levied.

### C. Due Process

■ The defendants and their counsel lastly argue that they have been denied adequate opportunities to explain their conduct. They assert that this Court erred in failing to hold an evidentiary hearing before it imposed civil sanctions under its Rule 37(b)(2)(D) contempt power, Fed.R. Civ.P.[2] and pursuant to its inherent managerial powers, see Link v. Wabash, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). They also claim that their hearing rights under Rule 37(a)(4) of the Federal Rules of Civil Procedure were violated by this Court's failure to hold separate hearings on the propriety of awarding the plaintiffs their reasonable expenses under that rule.[3] We find both positions unsupportable.

First, the Ninth Circuit has consistently rejected the position put forth by defen-

dants and their counsel that an *evidentiary* hearing must always precede the imposition of sanctions. See, e.g., Wyle v. R. J. Reynolds, 709 F.2d 585, 592 (9th Cir.1983) ("*When necessary*, the district court *may* hold an evidentiary hearing on a motion for sanctions.") (Emphasis added). In this circuit and others, the dictates of due process are satisfied where the sanctioned party has a real and full opportunity to explain his questionable conduct before sanctions are imposed. See, e.g., Miranda v. Southern Pacific, 710 F.2d 516, 522 (9th Cir. 1983); United States v. Blodgett, 709 F.2d 608, 610 (9th Cir.1983); United States v. Westinghouse, 648 F.2d 642, 652 (9th Cir. 1981); see also, Margoles v. Johns, 587 F.2d 885, 888–89 (5th Cir.1978). Moreover, where, as here, the briefs, affidavits and other documentary evidence, fully recount the non-compliance with the court's orders and reveal no material factual disputes, courts have long discounted the need for evidentiary hearings. Hoffman Etc. v. Beer Drivers and Salesmen's, Etc., 536 F.2d 1268, 1277 (9th Cir.1976); Margoles v. Johns, 587 F.2d at 888–89. Indeed, neither in their briefs nor at oral argument on this motion, did the defendants or their counsel point to any circumstances which would support their request for an evidentiary hearing. We therefore reaffirm our finding at paragraph 73 of the Order that "the extensive briefing and hearing opportunities afforded defendants and their counsel in this matter have provided them with due process."

Second, we find no merit in the contention of defendants and their counsel that they have not had an adequate opportunity to explain why their oppositions to the plaintiffs' motions to compel discovery were "substantially justified," Fed.R.Civ.P.

---

**2.** Rule 37(b)(2)(D) provides, in relevant part: If a party ... fails to obey an order to provide or permit discovery, ... the court ... may make such orders in regard to the failure as are just, and among others the following: (D) ... an order treating as a contempt of court the failure to obey any orders....

**3.** In our Order of June 9, 1983, we mistakenly awarded the plaintiffs their reasonable costs and attorneys' fees in obtaining the Court Or-

ders of October 9, 1981, January 18, 1982, February 12, 1982, and May 11, 1982, under Rule 37(b)(2) of the Federal Rules of Civil Procedure. As the defendants and their counsel rightly point out, the proper basis of that award is Rule 37(a)(4) of the Federal Rules of Civil Procedure. See supra at note 4 for the text of Fed.R.Civ.P. 37(a)(4). The Order of June 9, 1983 will be modified to correct the Court's error.

37(a)(4).[4] To the contrary, the record reflects that the defendants and their counsel have fully explained their oppositions to each of the plaintiffs' motions to compel discovery at issue here. Those explanations were offered by the defendants and their counsel during their oral and written oppositions to the substantive motions to compel discovery. Moreover, neither in their briefs nor at oral argument on this motion, did they raise any new or different information from that which has already been presented to and rejected by this Court. Accordingly, we hold that the hearing requirement of Rule 37(a)(4) has been fully satisfied. *See Persson v. Faestel Investments, Inc.*, 88 F.R.D. 668, 670 (N.D. Ill.E.D.1980) (Where the sanctioned party has fully explained his conduct in opposing the motion to compel discovery and has thereby presented the court with a sufficient record from which it can determine whether the conduct was "substantially justified," a separate hearing on the propriety of the award of expenses and fees is not required.). Of course, the defendants and their counsel will have full opportunity to challenge the *reasonableness* of any award of expenses and fees made under Rule 37(a)(4). In this motion, we reject only the need for an additional hearing as to the *propriety* of those awards.

## II. PLAINTIFFS' APPLICATION FOR COSTS AND ATTORNEYS' FEES

Moving under the June 9th Order, the plaintiffs have submitted an application for attorneys' fees of $99,843.00 and costs of $421.00. *See* paragraph (5)(b) of the June 9th Order at 31–32. The defendants and their counsel challenge the adequacy of the documentation supporting the plaintiffs' application and ask this Court to (1) stay our consideration of the application pending further discovery, and (2) order the plaintiffs to produce copies of original time sheets in support of the application.

 After carefully considering the conflicting interests presented by this dispute, we conclude that it is appropriate to briefly stay our consideration of the plaintiffs' application to allow the defendants to engage in limited and expedited discovery. In so ruling, we accept as reasonable the contention of defendants and their counsel that they are entitled to review copies of the pertinent original timesheets kept by plaintiffs in this action. *See* paragraph (5)(b) of the June 9th Order at 31:23–24; *see also* 1 Pt. 2 Moore's Federal Practice ¶ 1.47 at 49. However, we reject emphatically, as unnecessary, unreasonable and burdensome, the request of the defendants and their counsel to review copies of *all* timesheets kept by plaintiffs' counsel during the period of this protracted litigation. We will therefore order the plaintiffs to produce copies of the original time sheets which support the typed compilations of hours which they have already submitted to this Court within twenty days of the date of this order. Additionally, defendants and their counsel will be ordered to notice and schedule the desired depositions of Messrs. Jerome Falk and Stanley Friedman, according to the applicable federal and local rules, within twenty days of the date of this order.[5]

After the close of this limited discovery, the defendants and their counsel will have fifteen days to file a response to the plaintiffs' application for attorneys' fees and costs. Ten days thereafter, the plaintiffs shall file their reply, if any, to the opposing papers. A hearing on the plaintiffs' application will then be scheduled by the Court forthwith.

## III. ORDER

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Findings of fact thirty (30) through thirty-six (36), conclusions of law eighty-

---

**4.** Rule 37(a)(4) provides in relevant part,
If the motion [to compel] is granted, the court shall, after opportunity for hearing, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in ob-
taining the order, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

**5.** In so ruling, we express no opinion on the need or propriety of the requested depositions.

three (83) through eighty-six (86), and paragraph (7)(b) at 33:1–4 in this Court's order of June 9, 1983 assessing sanctions for discovery abuse are vacated.

2. The Madsen memo is admitted into evidence.

3. Plaintiffs shall return the $1500.00 monetary sanction erroneously levied in connection with the Madsen memo to the defendants within ten days of the date of this order.

4. The June 9th Order is modified at paragraphs 68 (21:4), and 90 (30:14), to strike the erroneous references to Rule 37(b)(2) of the Federal Rules of Civil Procedure and to reflect the proper authority of Rule 37(a)(4) of the Federal Rules of Civil Procedure.

5. The remainder of the motion for reconsideration is denied.

6. Consideration of the plaintiffs' application for attorneys' fees is stayed, pending completion of the limited and expedited discovery ordered below:

a. Within twenty days of the date of this order, plaintiffs shall produce for defendants and their counsel copies of those original time sheets kept by plaintiffs' counsel in this case which support the typed compilations of hours already submitted.

b. Within twenty days of the date of this order, defendants and their counsel are ordered to notice and schedule, according to the applicable federal and local rules, the desired depositions of Messrs. Falk and Friedman.

7. Defendants are granted fifteen days, after the close of the limited discovery period described at paragraph six, *supra*, to respond to the plaintiffs' application for attorneys' fees and costs. Plaintiffs are granted ten days from the filing of the opposing papers to submit a reply, if any. Copies of all briefs in this matter will be hand delivered to this chambers and to the opposing party.

IT IS SO ORDERED.